**SANDERS v. ALLEN et al.**

**No. 7232.**

United States Court of Appeals for the District of Columbia.

Argued Oct. 3, 1938.

Decided Nov. 21, 1938.

718

Dorsey K. Offutt and Reynolds Robertson, both of Washington, D. C., for appellant.

Elwood Seal, Corp. Counsel, D. C., Vernon E. West, Principal Asst. Corp. Counsel, D. C., Matthias Mahorner, Jr., Asst. Corp. Counsel, D. C., David A. Pine, U. S. Atty., and H. L. Underwood, Asst.

U. S. Atty., all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

This is an appeal from an order denying appellant's application for a writ of habeas corpus. Sometime in July, 1938 appellant (petitioner) and a friend were arrested for being drunk on the street near a public restaurant. Petitioner was tried in the Police Court and fined $100, in default of which she was committed to the city jail until the fine should be paid or—in lieu thereof—for 60 days. After a few days detention, she was transferred to the District workhouse at Occoquan, some 20 miles distant from the City of Washington, where she was at the time of her application.

Her petition alleges that when arrested and tried she was not drunk but instead was suffering from the effects of a drug which had been administered to her without her knowledge, and that at neither time was she mentally able to understand the nature of the charge against her. or to make her defense. She contends that on her trial she was entitled of right, under the provisions of the Fifth and Sixth Amendments of the Constitution, U.S.C.A. Const.Amends. 5, 6, to be represented by counsel, and that she was not informed of this right and did not waive it.

The District Court thought that, the confinement not being in the District of Columbia, there was lack of jurisdiction and the writ should not issue. We think, in the circumstances, that this conclusion was wrong. The question, in our view, depends rather upon whether the person against whom the writ is asked and who is responsible for the detention is within the jurisdiction. "The place of confinement is therefore not important to the relief, if the guilty party is within reach of process, so that by the power of the court he can be compelled to release his grasp". Cooley, J., in Re Jackson, 15 Mich. 417, at page 440. If we are correct in this respect, the question involves an examination of the local law to determine what official of the District had custody of the person of petitioner. The workhouse at Occoquan was authorized and constructed about 1910. The selection of a site in Virginia grew

out of the fact that the available land in the District was insufficient and undesirable for the purpose. Ever since the workhouse was established, however, it has been, as it was intended to be, a part of the local jail system and has at all times been as completely under the control of the Commissioners of the District as the local jail. The statute (Tit. 6, D.C.Code 1929, § 403) vests in the Commissioners jurisdiction and control of all prisoners delivered to the workhouse from the time they are so delivered, including the time in transit, and until they are returned to the District of Columbia, as the law requires, to be discharged. Section 409 of the same title vests in the local Board of Public Welfare (appointees of the Commissioners) the management and control of the workhouse, and the asylum and jail. Upon recommendation of this Board, the Commissioners appoint the superintendent of the penal institutions. The present incumbent, one of respondents, is in turn responsible to the Board for the custody, discipline, and good conduct of the inmates of the workhouse. Hence it is clear that when a prisoner is committed to Occoquan on conviction of an offense against the laws or ordinances of the District, he is confined in an institution of and belonging to the District, under the administration of District officials, and is governed while there by the provisions of the District Code. Counsel for petitioner properly describe this situation as sui generis and as in no way analogous to sentence and confinement of a prisoner convicted of a violation of a United States statute in one of the other Federal District Courts, sitting in one of the States. In other words, the problem here is local and has no relation to federal procedure generally.

In the circumstances, we think the court below had jurisdiction to issue the writ, for petitioner was committed by a court of the District to a jail of the District under the control of an official of the District who in turn was personally within the District and within the jurisdiction of the court. In saying this we do not depart in the slightest degree from our decision in McGowan v. Moody, 22 App.D.C. 148. There we held that the jurisdiction of the District Court did not extend to the case of a person unlawfully restrained of his liberty in a distant possession of the United States by, or under the authority of, an officer of the Navy acting as governor thereof, solely because the Secretary of the Navy, in the discharge of his official duties as head of that Department, maintained his residence in the District of Columbia. In such situations, even if the courts of the District of Columbia had jurisdiction, they should not exercise it where the same relief is available by application to a District or Circuit Judge in the locality. In this view, we are of opinion that service on the Commissioners of the District, the Director of Public Welfare, and the Superintendent of Penal Institutions, was sufficient to give the court below jurisdiction to issue the writ.

The general rule established by a long line of decisions beginning with Ex parte Carll, 106 U.S. 521, 1 S.Ct. 535, 27 L.Ed. 288, is that power to review a conviction for crime by issuing a writ of habeas corpus is confined to the determination of the court's jurisdiction to try the petitioner for the offense and to sentence him to imprisonment. In the recent case of Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed.1461, however, the Supreme Court said that the rule must be construed and applied so as to preserve—not destroy—constitutional safeguards of human life and liberty. The Court held this extension of the rule to include examination of facts outside of but not inconsistent with the record and the duty upon determination of the facts "to 'dispose of the party as law and justice require'" [page 1024]. Turning to the record, we find the allegation that petitioner was at the time of her trial mentally incapable of understanding the nature of the charge against her or of defending herself. She says that at the time of her arrest and trial she was wholly under the influence of a drug administered to her without her knowledge and consent and that, in consequence, she did not know what was going on in the court room when she was tried and convicted, and that this condition of mental incompetency continued until after the expiration of the five days in which she was entitled to apply for review. If this allegation is true, law and justice require that the conviction should be set aside and that she should be discharged. Following, therefore, the rule announced in Johnson v. Zerbst, we think it proper to remand the case to the District Court with instructions to issue the writ and hear the evidence and determine on the hearing whether it

is true or untrue that petitioner was at the time of the arrest and trial so mentally distraught as to be unable to understand the nature of the proceeding against her and to make her defense. But the inquiry, we think, should be confined to that single subject.

The trial and conviction of a person mentally and physically incapable of making a defense violates certain immutable principles of justice which inhere in the very idea of free government. Powell v. Alabama, 287 U.S. 45, 71, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527. Such is the case presented by the record. If the facts are in line with the allegations, then the petitioner is entitled to release on this ground alone. If, on the contrary, the allegations in the respects mentioned are untrue, the writ should be dismissed. There is therefore no occasion to construe the Sixth Amendment in its relation to a trial in a municipal court for violation of a municipal ordinance.

The petition should be dismissed as to the Attorney General and as to the Director of the Bureau of Prisons, but allowed as to the other respondents.

Reversed and Remanded.