### JONES v. BIDDLE, Atty. Gen.

### No. 12334.

Circuit Court of Appeals, Eighth Circuit.

Dec. 14, 1942.

Joseph E. Jones, pro se.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before STONE, SANBORN, and RIDDICK, Circuit Judges.

854

SANBORN, Circuit Judge.

The appellant (who will be referred to as petitioner) filed an application for a writ of habeas corpus in the court below, naming Hon. Francis Biddle, Attorney General of the United States, as respondent. Petitioner is confined in the United States Medical Center for Federal Prisoners at Springfield, Missouri. His application, in substance, asserts that he is being illegally restrained of his liberty, because the commutation of his sentence, to which he is entitled for good behavior, has been wrongfully denied, and that he became entitled to release on August 26, 1941.

The respondent (appellee) made a motion to dismiss the application upon the ground that the petitioner was not, and had not been, in the respondent's custody. This motion was granted, and the application was dismissed.

The petitioner has appealed from the order dismissing his application. In his brief he offers no explanation or justification for naming the Attorney General as respondent.

 The appellant is mistaken in believing that he is in the actual physical custody of the respondent and that the court below has jurisdiction to require the respondent, who is not within the territorial jurisdiction of the court, to produce the body of the petitioner. The statutes relating to habeas corpus manifestly contemplate that the respondent named in an application for habeas corpus shall be the person, within the territorial jurisdiction of the court, who has the physical custody of the person of the petitioner and who is capable of producing him in court. Wales v. Whitney, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277; Sanders v. Allen, 69 App. D.C. 307, 100 F.2d 717, 718. The power of a district court to grant a writ of habeas corpus is limited to its territorial jurisdiction. 28 U.S.C.A. § 452; Ex parte Gouyet, D.C., 175 F. 230, 233; Sanders v. Allen, 69 App.D.C. 307, 100 F.2d 717. Compare, In re Boles, 8 Cir., 48 F. 75, 76. "The writ shall be directed to the person in whose custody the party is detained." 28 U.S. C.A. § 455. There must be a prompt return to the writ (28 U.S.C.A. § 456), and the person making the return must produce the body of the petitioner before the judge who granted the writ. 28 U.S.C.A. § 458.

While the prisons of the United States and the custody of federal prisoners under sentence are generally under the supervision of the Attorney General (Ponzi v. Fessenden, 258 U.S. 254, 256, 262, 42 S. Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879), the actual management of such prisons and the care of prisoners is delegated to the Bureau of Prisons. 18 U.S.C.A. § 753a. It is, no doubt, true that, in a sense, all federal prisoners under sentence are in the custody of the Attorney General, but it is apparent that his custody of them is supervisory and regulatory, and that he does not have actual physical custody of a prisoner who is confined in a federal prison or other federal institution. See Galatas v. United States, 8 Cir., 80 F.2d 15, 18, 19.

The petitioner should have named the Warden of the Medical Center as respondent and should have alleged in the application for a writ of habeas corpus that he (petitioner) was in the custody of the Warden of that institution. See 28 U.S. C.A. § 454.

The order appealed from is affirmed.