## LAUGHLIN v. BENNETT, Director, U. S. Bureau of Prisons.

### No. 8730.

United States Court of Appeals District of Columbia.

Argued Dec. 12, 1944.

Decided Feb. 12, 1945.

———◆———

Mr. James J. Laughlin, of Washington, D. C., appellant, pro se.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

Appellant, an attorney, applied to appellee, the Director of the Bureau of Prisons, for permission to visit a client in the federal prison at Atlanta, Georgia. Appellee thought appellant's reasons insufficient and refused permission. The District Court granted appellant a preliminary injunction which restrained appellee from "interfering with the right of plaintiff to visit his client." Appellant then visited his client and had a conversation with him in the presence and hearing of officials. Because the officials did not permit a private conversation appellant moved that appellee be adjudged in contempt. The District Court dismissed both the motion and the complaint. This appeal is from that order.

The order is clearly correct. Since appellant was allowed to visit his client there was no contempt. We need not decide whether any right of appellant or his client has been infringed. If so, it was infringed by officials in Georgia. We need not decide whether, because of appellee's presence in the District of Columbia and his control over the warden in Atlanta, courts here have jurisdiction over rights of attorneys and clients there. Since such matters can be dealt with more conveniently where the prisoner is confined and where any conference with his attorney will take place, a complaint like the present one should seldom if ever be entertained elsewhere. In other words the jurisdiction, if it exists, should not be exercised elsewhere unless in extraordinary circumstances. Cf. Laughlin v. Cummings, 70 App.D.C. 192, 105 F.2d 71; Sanders v. Allen, 69 App. D.C. 307, 100 F.2d 717.

Affirmed.