**SANDERS v. BENNETT, Director of Federal Bureau of Prisons.**

No. 8886.

United States Court of Appeals District of Columbia.

Argued Feb. 12, 1945.

Decided March 5, 1945.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee.

Before MILLER, EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

The sole question raised on this appeal is whether a court in the District of Columbia has jurisdiction to issue a writ of habeas corpus against the Attorney General of the United States or his representative on petition of a federal prisoner confined outside the District of Columbia.

By statute all persons convicted of an offense against the United States are committed to the custody of the Attorney General who designates their places of confinement.[1] But the Attorney General is not the person directly responsible for the operation of our federal penitentiaries. He is a supervising official rather than a jailer. For that reason, the proper person to be served in the ordinary case is the warden of the penitentiary in which the prisoner is confined rather than an official in Washington, D. C., who supervises the warden. An interpretation which would permit resort to the courts in the District of Columbia for writs of habeas corpus by prisoners in federal institutions all over the United States is without justification either in convenience or logic. For that reason, only courts having jurisdiction over the warden of a penitentiary can grant a writ of habeas corpus on behalf of any of its inmates.[2]

Since the rule is a practical one based on common sense administration of justice we have held that the courts in the District of Columbia may issue writs of habeas corpus directed to those in direct charge of penal institutions of the District which happen to be located just outside its borders.[3] This is because it is the plain duty of the District to adjudicate matters arising out of the conduct of its own institutions.

The order of the court below will, therefore, be affirmed.

---

[1] 46 Stat. 326 (1930), 18 U.S.C.A. § 753f.

[2] McGowan v. Moody, 1903, 22 App.D.C. 148; Jones v. Biddle, 8 Cir., 1942, 131 F.2d 853. See Laughlin v. Bennett, 79 U.S.App.D.C. 367, 147 F.2d 159.

[3] Sanders v. Allen, 1938, 69 App.D.C. 307, 100 F.2d 717, 719: "Counsel for petitioner properly describe this situation as sui generis and as in no way analogous to sentence and confinement of a prisoner convicted of a violation of a United States statute in one of the other Federal District Courts, sitting in one of the States. In other words, the problem here is local and has no relation to federal procedure generally."