Mr. Howard C. Westwood, of Washton, D. C. (appointed by this Court) for appellant.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney at the time the brief was filed, George E. McNeil, United States Attorney at the time the supplemental brief was filed, and Joseph F. Lawless, Assistant United States Attorney, all of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTYMAN, Associate Justices.

WILBUR K. MILLER, Associate Justice.

James B. Burns, an inmate of the District of Columbia Reformatory at Lorton, Virginia, tendered to the District Court of the United States for the District of Columbia a petition for a writ of habeas corpus, in which he named as respondent Edward J. Welch, the superintendent of

the institution. The District Court permitted the petition to be filed and, without a hearing and without issuing a rule to show cause, at once dismissed it as lacking in merit. An appeal in forma pauperis was permitted and we appointed counsel for the petitioner to insure adequate representation.

■ We have held[1] that petitions for habeas corpus by inmates of the District Workhouse at Occoquan, Virginia, are within the jurisdiction of the local United States District Court, for the reason that the Workhouse belongs to and is managed by the District of Columbia. Problems concerning local institutions, such as the Workhouse, and its inmates, are local problems, sui generis, and outside the usual federal procedure in regard to such matters. Accordingly, it may be regarded as settled that the local court has jurisdiction of habeas corpus proceedings filed by inmates of the Workhouse, despite the fact that the institution is not within the District of Columbia. The same considerations apply with respect to the District of Columbia Reformatory at Lorton, Virginia.

It will be observed, however, that in Sanders v. Allen,[2] we based our holding that the District Court here has jurisdiction to issue a writ of habeas corpus at the petition of a prisoner in the Workhouse at Occoquan, Virginia, upon the fact that the petitioner was under the control of an official of the District who was personally within the District and within the jurisdiction of the court. We said, "* * * we are of opinion that service on the Commissioners of the District, the Director of Public Welfare and the Superintendent of Penal Institutions, was sufficient to give the court below jurisdiction to issue the writ."

Since the rendition of the opinion from which we have just quoted, the Congress, by an act approved June 27, 1946, Public Law No. 460, 79th Cong., 60 Stat. 320, has established a Department of Corrections for the District of Columbia, to have charge of the management and regulation of the Workhouse at Occoquan, Virginia, the Reformatory at Lorton, Virginia, and the Washington Asylum and Jail. The Commissioners of the District are authorized by the statute to appoint a Director of the Department of Corrections, and the powers and duties heretofore belonging to the Board of Public Welfare and its Director are transferred to the newly established Department of Corrections and its Director. As a result, the official in charge of the inmates of the two District institutions located in Virginia is now the Director of the Department of Corrections, who is resident in the District of Columbia.

■ In this case, however, the respondent named in the petition, who is alleged illegally to restrain petitioner, is the superintendent of the Reformatory. It is not disputed that the respondent named has neither home nor office in the District of Columbia, but resides at Lorton, Virginia. Hence the process of the District Court cannot reach him. For that reason alone we affirm the order appealed from, and hold that the District Court did not have jurisdiction to issue the writ. This holding is without prejudice to the right of the petitioner to renew his application, if he cares to do so, naming a respondent who is within the territorial jurisdiction of the District Court.

Affirmed.

---

[1] Sanders v. Allen, 69 App.D.C. 307, 100 F.2d 717; Sanders v. Bennett, 80 U. S.App.D.C. 32, 148 F.2d 19.

[2] 69 App.D.C. 307, 100 F.2d 717, 719.