### Ex parte FLICK.
No. 3360.

District Court of the United States for the District of Columbia.
April 6, 1948.

Earl J. Carroll, and Thomas L. Foley, both of Los Angeles, Cal., and Paul M. Rhodes, of Washington, D. C., for petitioner.

George Morris Fay, U. S. Atty., and John Burke, Asst. U. S. Atty., both of Washington, D. C., opposed.

HOLTZOFF, Associate Justice.

This is a petition for a writ of habeas corpus by one Friedrich Flick who alleges that he is unlawfully imprisoned and restrained of his liberty in Nuermberg, Germany, by virtue of a judgment and sentence of a United States military tribunal sitting in that city. The respondents named in the petition are the Secretary of Defense, the Secretary of the Army, the Provost Marshal General and the Commanding General, European Command, United States Occupied Zone of Germany. The basis of the petition is the alleged illegality of the conviction pursuant to which the petitioner is imprisoned.

At the outset, the question arises whether this Court has jurisdiction to entertain the petition, in view of the fact that the petitioner is not within the territorial jurisdiction of this Court, but is actually imprisoned and restrained of his liberty in Germany. It is a general principle of law that a writ of habeas corpus may be issued only in respect to a person who is restrained of his liberty within the territorial jurisdiction of the Court issuing the writ. This is the law of the District of Columbia as well as other Federal Courts.

The leading case on this point in this jurisdiction is McGowan v. Moody, 22 App.D.C. 148. In that case, a member of the United States Armed Forces confined in jail on the Island of Guam, filed a petition for a writ of habeas corpus directed to the Secretary of the Navy for the purpose of reviewing the legality of his incarceration. The Court of Appeals for the District of Columbia held that the writ did not lie on the ground of lack of jurisdiction. Mr. Justice Shepard of that Court, made the following observations (page 158 of 22 App.D.C.):

"The question is one of power, and not of expediency of its exercise in the particular case, because there may happen to be no other tribunal in which relief might be had.

"We are compelled to give a negative answer to the question, notwithstanding it may possibly be that the party on whose behalf the petition is presented is restrained of his liberty under the order of a tribunal unknown to the Constitution and law, and is without certain remedy in any other court."

McGowan v. Moody was referred to with approval in Sanders v. Allen, 69 App. D.C. 307, 309, 100 F.2d 717, and was likewise cited as an authority in Sanders v. Bennett, 80 U.S.App.D.C. 32, 33, 148 F.2d 19. In Sanders v. Bennett, supra, the United States Court of Appeals for the District of Columbia held that this Court may not issue a writ of habeas corpus to test the validity of confinement in a Federal penitentiary located outside of the District of Columbia.

The same principle has been applied in other circuits as well. Thus, the Circuit Court of Appeals for the Seventh Circuit in the case of United States v. Schlotfeldt,

136 F.2d 935, 940, held that the United States District Court for the Northern District of Illinois might not entertain an application for a writ of habeas corpus in behalf of an applicant detained in Wisconsin. The Circuit Court of Appeals for the Third Circuit in United States v. Day, 50 F.2d 816, 817, held that the United States District Court for the District of New Jersey was without power to issue a writ of habeas corpus with respect to a person detained at Ellis Island, which lies within the Southern District of New York.

It is true that this Court has authority to entertain petitions for writs of habeas corpus in behalf of persons confined in the District of Columbia Workhouse at Occoquan, Virginia, or in the District of Columbia Reformatory and Penitentiary at Lorton, Virginia, Sanders v. Allen, 69 App.D.C. 307, 100 F.2d 717; Burns v. Welch, 81 U.S.App.D.C. 384, 159 F.2d 29. It must be observed, however, that these two institutions are part of the local District of Columbia penal system and are owned by the District of Columbia.

Ex parte Mitsuye Endo, 323 U.S. 283, 65 S.Ct. 208, 89 L.Ed. 243, on which the petitioner relies, does not seem to the Court to be in point. There a Japanese, who was held in confinement in the Northern District of California, filed a petition for a writ of habeas corpus in the United States District Court for that District. During the pendency of the proceeding, the petitioner was removed to another District. The Supreme Court held that this removal did not defeat the jurisdiction of the United States District Court for the Northern District of California. Obviously, any other result would have led to the conclusion that the respondent to a writ of habeas corpus could frustrate the habeas corpus proceeding by removing the petitioner out of the jurisdiction of the Court. Manifestly such a result would be intolerable. The rule of that case does not support the petitioner's contentions in this proceeding. The Court in the Endo case made the following observations which are very significant, at page 305 of 323 U. S., at page 220 of 65 S.Ct.:

"We need not decide whether the presence of the person detained within the territorial jurisdiction of the District Court is prerequisite to filing a petition for a writ of habeas corpus. * * * We only hold that the District Court acquired jurisdiction in this case and that the removal of Mitsuye Endo did not cause it to lose jurisdiction where a person in whose custody she is remains within the district."

This Court conceives of other possible exceptions to the general rule. For example, if, in anticipation of the issuance of a writ of habeas corpus, the petitioner should be forcibly removed from the jurisdiction of the Court, it may well be that the Court could still entertain the petition for the writ. This is a matter concerning which the Court expresses no opinion. In this case, however, there is a petitioner who, so far as the record shows, has never been within the territorial jurisdiction of this District Court, or even within the territorial jurisdiction of the United States. He is located and incarcerated now in the American Occupation Zone of Germany, which is not a part of the United States.

The Court concludes that it has no jurisdiction to issue a writ of habeas corpus in this case for the reasons stated. The petition will be dismissed for lack of jurisdiction.