**McAFFEE v. CLEMMER, Director, Department of Corrections.**

No. 9698.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 15, 1948.

Decided Oct. 18, 1948.

Mr. Edward E. O'Neill, of Washington, D. C., with whom Mr. Aubrey Lawrence, of Washington, D. C., was on the brief, for appellant.

Mr. Oliver O. Dibble, Assistant United States Attorney, of Washington, D. C., with whom Mr. George Morris Fay, United States Attorney, of Washington, D. C., was on the brief, for appellee. Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Circuit Judges.

PER CURIAM.

William McAffee was convicted in 1938 in the District Court of the United States for the District of Columbia of murder in the first degree and was sentenced to death. Upon his appeal, this court reversed the judgment solely because the trial court erred in instructing the jury.[1]

Upon the return of the case to the District Court, McAffee was again convicted of murder in the first degree and again was sentenced to death. He appealed from that judgment also. The evidence was substantially the same at the second trial as at the first and, as the District Court had avoided the error committed at the first trial, the judgment was affirmed.[2] The President of the United States commuted the death sentence to one of life imprisonment and the appellant is now, and has been continuously since, confined in the District of Columbia Reformatory at Lorton, Virginia.

In 1947 McAffee filed in the District Court a petition for a writ of habeas corpus. An order to show cause was issued, the respondent filed an answer and, after hearing upon the petition and answer, the writ was denied. This appeal followed.

The Supreme Court recently held, in Ahrens v. Clark, Attorney General,[3] that the jurisdiction of a district court to issue the writ of habeas corpus "is restricted to those petitioners who are confined or detained within the territorial jurisdiction of the court * * *." The District of Columbia Reformatory in which the appellant is confined, being at Lorton, Virginia, is not within the territorial jurisdiction of the District Court of the United States for the District of Columbia, and so that court did not have jurisdiction to entertain the appellant's petition.

We have held heretofore that the local United States District Court has jurisdiction over habeas corpus proceedings filed by inmates of the District of Columbia Workhouse and the District of Columbia

---

[1] McAffee v. United States, 1939, 70 App.D.C. 142, 105 F.2d 21.

[2] McAffee v. United States, 1940, 72 App.D.C. 60, 111 F.2d 199, certiorari denied 1940, 310 U.S. 643, 60 S.Ct. 1094, 84 L.Ed. 1410.

[3] 1948, 335 U.S. 188, 68 S.Ct. 1443, 1445, 92 L.Ed. ——.

Reformatory, despite the fact that those institutions are not within the District of Columbia;[4] those holdings are overruled by the Ahrens case.

The case is remanded to the District Court with instructions to dismiss the petition for lack of jurisdiction.

---

4 Sanders v. Allen, 1938, 69 App.D.C. 307, 100 F.2d 717; Sanders v. Bennett, 1945, 80 U.S.App.D.C. 32, 148 F.2d 19;

Burns v. Welch, 1947, 81 U.S.App.D.C. 384, 159 F.2d 29.