**UNITED STATES ex rel. TORAN v. THOMPSON, Warden.**

No. 40, Docket 22074.

United States Court of Appeals
Second Circuit.

Argued Nov. 5, 1951.

Decided Nov. 21, 1951.

Diego Toran, *pro se*, appellant.

Robert Rubinger, Asst. U. S. Atty., New York City, for appellee.

Before SWAN, Chief Judge, and FRANK, Circuit Judge, and COXE, District Judge.

PER CURIAM.

The relator was convicted in the District Court for the District of New Jersey on a charge of violation of 18 U.S.C. § 472, and was sentenced to imprisonment for a term of four years. An order of commitment was issued March 30, 1951 and he was forthwith committed to the Hudson County Jail. On April 16th he was duly transferred to the Federal House of Detention in New York City. Thereafter, acting as his own attorney, he filed in the District Court for the Southern District of New York a paper entitled "Application for writ of Mandamus," praying that the warden of the Federal House of Detention be ordered not to remove him from this jurisdiction, where witnesses he needed "are available," until the New Jersey court should act upon a "notification made May 10, 1951" to that court that his "sentence is illegal." The court below allowed the petitioner to proceed in *forma pauperis* and promptly issued a writ of habeas corpus. A return thereto was filed by the warden and on June 5 the writ was ordered dismissed.[1] The relator promptly filed notice of appeal. Thereafter on June 13 he filed another petition for habeas corpus alleging that the "Authorities of the United States Bureau of Prisons" are endeavoring to move him out of the jurisdiction and that this will deprive him of his pending appeal from the order of June 5th. This petition was considered by Judge Dewey and was denied in a memorandum which explained that the removal of the petitioner would not deprive him of any rights. The relator was thereafter removed to the Atlanta penitentiary. While there he executed on September 13 a paper which was filed in this court on September 17. This purports to be a petition for a writ of habeas corpus directed to Warden Thompson for release from the Federal House of Detention in New York.

We have stated the proceedings in detail in order that the appellant may feel assured that his appeal has received careful consideration. The appeal itself presents

---

1. The district judge endorsed upon the return the following memorandum:

    "This Writ of Habeas Corpus is dismissed. The application of this petitioner has also been considered as a writ of mandamus to require the court and the United States Attorney to subpoena certain witnesses. This application is denied. No proceeding is pending. So ordered.

    June 5, 1951.
    
    Samuel H. Kaufman
    U. S. D. J."

no substantial question. For clarity we shall take up his petitions in inverse order. The September application to this court must be denied, regardless of any other reason, because Warden Thompson no longer has custody of the appellant. See Jones v. Biddle, 8 Cir., 131 F.2d 853, certiorari denied 318 U.S. 784, 63 S.Ct. 856. Judge Dewey's order denying the petition of June 13th was clearly correct. The writ was sought because the appellant believed that removal from the jurisdiction would prevent him from prosecuting his appeal from the order of June 5th. In this he was mistaken, as the present consideration of that appeal demonstrates. The order of June 5th was right because the warden's return established the legality of the appellant's detention under the sentence and commitment of the federal court in New Jersey. Considered as a petition for mandamus Judge Kaufman denied it, saying "No proceeding is pending." There is nothing in the record to contradict that finding.

Order affirmed.