**Roland Earl WILKINS, Petitioner,**

v.

**Joseph O. KEARNEY, Warden, Federal Correctional Institution, Texarkana, Texas; Herbert Brownell, Attorney General, Respondents.**

Civ. A. 2071.

United States District Court
E. D. Texas, Tyler Division.

June 20, 1956.

Roland Earl Wilkins, pro se.

William M. Steger, U. S. Atty., Harlon E. Martin, Asst. U. S. Atty., Tyler, Tex., for respondents.

SHEEHY, Chief Judge.

Petitioner is presently confined in the Federal Correctional Institution at Texarkana, Texas, pursuant to judgments and commitments entered and issued in Criminal Causes Nos. 10,612 and 12,061 in the United States District Court for the Southern District of Texas. On March 7, 1951, Petitioner in Cause No. 10,612, above referred to, was convicted of the offense of unlawfully transferring marihuana and was sentenced to five years in prison with the execution of such sentence being suspended for five years. On October 14, 1954, the Petitioner in Cause No. 12,061, above referred to, was

convicted upon his plea of not guilty of a conspiracy to violate the narcotic laws in violation of Secs. 371 and 2557(b), Titles 18 and 26, respectively, U.S.C. Because of this last mentioned conviction Petitioner in said Cause No. 12,061 was on December 10, 1954, sentenced to serve five years in prison. On December 10, 1954, the United States District Court for the Southern District of Texas revoked the suspension of the sentence previously imposed in Cause No. 10,612 and sentenced Petitioner in that cause to five years in prison with the sentence in that cause to run concurrent with the sentence imposed by that court in said Cause No. 12,061.

Petitioner, by his Petition for Writ of Habeas Corpus herein, challenges for several reasons the legality of his conviction and sentence in Cause No. 12,061 and the right of Respondents to detain him because of the judgment and commitment in that case, but Petitioner in nowise questions the validity of the conviction and sentence in Cause No. 10,612. With allowance for all of the statutory good-time off Petitioner would be entitled to, the minimum release date of Petitioner from the sentence in Cause No. 10,612 would be August 16, 1958, unless Petitioner were sooner granted parole by the Parole Board.

In July, 1955, Petitioner filed with the sentencing court in said Cause No. 12,-061 a Motion to Vacate and Correct Sentence pursuant to Title 28 U.S.C. § 2255. This motion was overruled by the sentencing court and on August 26, 1955, Petitioner filed with the Clerk of the sentencing court notice of appeal from the action of the court in overruling his Motion to Vacate and Correct Sentence. There is no allegation in Petitioner's petition and no showing in the record in this case as to whether Petitioner prosecuted his appeal from the order overruling his Motion to Vacate and Correct Sentence and, if so, what action was taken in the Court of Appeals. There is no showing in the record in this case, including Petitioner's Petition for Writ of Habeas Corpus, that Petitioner has ever filed a Motion to Vacate or Correct Sentence authorized by Title 28 U.S.C. § 2255 in said Cause No. 10,612.

The Respondents have moved herein for a dismissal of the Petition for Writ of Habeas Corpus. Unquestionably, the Motion to Dismiss as to the Respondent Brownell is well taken,[1] and, therefore, will be granted.

The Motion to Dismiss as to the Respondent Kearney will likewise be granted. As above pointed out, Petitioner is not herein questioning in anywise the validity of the sentence imposed in said Cause No. 10,612 and his imprisonment pursuant to the judgment and commitment in that cause. In this Habeas Corpus proceeding, a collateral proceeding, the proceedings had and the judgment entered and sentence imposed in said Cause No. 10,612 are presumed to be regular and valid.[2] It follows that even if the conviction and sentence in Cause No. 12,061 are for any reason invalid, which I do not by any means hold, Petitioner would not be entitled to discharge on Habeas Corpus from his present confinement. Since Petitioner is lawfully in prison by reason of the sentence imposed in said Cause No. 10,612, he may not by Habeas Corpus secure a judicial determination of the validity of the conviction and sentence in said Cause No. 12,061.[3]

1. Jones v. Biddle, 8 Cir., 131 F.2d 853.

2. Newman v. Zerbst, 10 Cir., 83 F.2d 973 and cases therein cited.

3. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, and Newman v. Zerbst, supra.