Robert Louis THOMPSON, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Meredith Girard GREEN, Jr., Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 2478, 2479.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 16, 1959.

Decided March 17, 1960.

William A. Robinson, Washington, D. C., with whom Wesley S. Williams, Washington, D. C., was on the brief, for appellants.

Hubert B. Pair, Asst. Corporation Counsel, Washington, D. C., with whom Chester H. Gray, Corporation Counsel, and Milton D. Korman, Principal Asst. Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellants, while subject to the jurisdiction of the Juvenile Court, were committed to the National Training School for Boys. Code 1951, § 11–915 (Supp. VII). During their confinement there, they were transferred by the Attorney General to Federal institutions for adult offenders; appellant Thompson to the United States Reformatory at Danbury, Connecticut; appellant Green to the United States Reformatory at Petersburg, Virginia. Contending that the transfers were without authority, appellants filed motions in the Juvenile Court requesting their discharge. These motions

were denied, as were appellants' motions to rehear, the court stating that it felt it was without jurisdiction to grant relief against an admininstrative transfer made by the Attorney General.

While we recognize that the problems raised by the transfer of juvenile offenders to Federal institutions for adults are numerous and unsettled, we agree with the Juvenile Court that it did not have jurisdiction in this case to pass on the validity of appellants' contentions.

If the motions to discharge are taken as petitions for writs of habeas corpus it is apparent that the absence of appellants from the geographic jurisdiction of the court precludes consideration of the motions, for it is well settled that "*habeas corpus* on behalf of an incarcerated prisoner lies only in the district of his incarceration." Johnson v. Matthews, 86 U.S.App. D.C. 376, 381, 182 F.2d 677, 682.[1] If, on the other hand, the motions contemplate the aid of 28 U.S.C. § 2255, which appellants do not directly invoke, it is equally clear that the Juvenile Court is without jurisdiction to act, for we have previously said that the provisions of that section are not applicable to that court. Burke v. United States, D.C.Mun.App., 103 A.2d 347.

Appellants having failed to bring themselves within the jurisdiction of the Juvenile Court, the orders are accordingly.

Affirmed.

1. See also Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898; Sanders v. Bennett, 80 U.S.App.D.C. 32, 148 F.2d 19.