Rayburn M. PASLEY, Petitioner,

v.

Dr. Winfred OVERHOLSER, Superintendent, St. Elizabeths Hospital, Respondent.

Misc. No. 1484.

United States Court of Appeals District of Columbia Circuit.

July 19, 1960.

Mr. Rayburn M. Pasley, pro se.

Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the pleadings for respondent.

Before WILBUR K. MILLER, BAZELON and BASTIAN, Circuit Judges, in Chambers.

PER CURIAM.

On consideration of petitioner's petition for leave to prosecute an appeal without prepayment of costs, of respondent's opposition thereto, and of petitioner's reply to respondent's opposition, it is

Ordered by the court that the petition for leave to prosecute an appeal without prepayment of costs be, and it is hereby, denied.

BAZELON, Circuit Judge (dissenting).

Nine years ago petitioner pleaded guilty to a charge of carnal knowledge. While serving his sentence, he was transferred to St. Elizabeths Hospital—a mental institution where he is now confined. He brought this present action in the District Court for leave to file a petition for a writ of habeas corpus, alleging, in somewhat conclusionary fashion, that he was insane at the time he entered his plea of guilty. The District Court denied relief without a hearing and denied leave to appeal in forma pauperis. Petitioner thereupon filed the instant petition seeking leave of this court to appeal in forma pauperis.

Petitioner is collaterally attacking his sentence on grounds which, if true, would entitle him to relief, see Coates v. United States, 1959, 106 U.S.App.D.C. 389, 273 F.2d 514; Sanders v. Allen, 1938, 69 App.D.C. 307, 100 F.2d 717. The nine-year delay is not a conclusive bar. His quest for relief falls within 28 U.S.C.

§ 2255 which provides that a motion to vacate sentence may be made "at any time."

My brothers deny the instant petition for leave to appeal in forma pauperis because the allegations upon which relief was sought below are not sufficiently specific in light of the nine-year delay. They may be right. But petitioner's present confinement in a mental hospital lends color to his attack and signals his incapacity to present the instant petition properly. Hence I would withhold final disposition and appoint counsel to assist petitioner by marshalling the applicable law and facts in support of the petition.

Response of Judges WILBUR K. MILLER and WALTER M. BASTIAN to the dissent of Judge BAZELON:

This case presents a classic example of the vast amount of unnecessary work which may be foisted upon the courts by abuse of the writ of habeas corpus and its companion, 28 U.S.C. § 2255.

In June, 1952, Pasley was indicted for having carnal knowledge of his twelve-year-old step-daughter. On October 15, 1952, he entered a plea of guilty (thus avoiding a possible death sentence) and was sentenced to imprisonment for a term of from five to fifteen years. In July, 1958, while he was serving his term, the Attorney General transferred Pasley to St. Elizabeths Hospital.

The following proceedings then ensued:

1. On December 14, 1959, Pasley filed a motion to change his plea of guilty to not guilty and requested a jury trial. The judge who had sentenced him denied the motion on December 16, 1959. No appeal was taken.

2. On March 24, 1960, Pasley filed a "motion for a review" alleging he was insane when the crime was committed, and in the alternative asked reduction of sentence. The judge who had sentenced him denied the motion on March 25, 1960, by written memorandum. No appeal was taken.

3. On April 4, 1960, he filed a petition for a writ of habeas corpus in the District Court (Habeas Corpus No. 62–60). It alleged (a) an alibi, (b) that he had pleaded guilty because he was overworked and easily influenced, and (c) that an incriminating statement he made to the probation officer after his plea of guilty was the result of unfair advantage of him taken by that official. The District Court granted leave to file the petition and then dismissed it on the ground it did not set forth a claim upon which relief could be granted. No appeal was taken.

4. On April 23, 1960, he filed a second petition for a writ of habeas corpus (Habeas Corpus No. 86–60). He alleged he was insane at the time he was "accused of committing the crime," that his counsel was incompetent, and that he was suffering from mental illness at the time he pleaded guilty. He also claimed his sentence was unfair. The District Court denied leave to file the petition, referring to the previous habeas corpus case. No appeal was taken.

5. On May 11, 1960, Pasley filed another application for a writ of habeas corpus (again being numbered Habeas Corpus No. 86–60), in which he alleged he was insane when the offense was committed, but added nothing specific to that bare conclusionary allegation. Leave to file was denied May 11, 1960, whereupon he applied to this court for leave to appeal without prepayment of costs. We denied leave to appeal, whereupon Judge BAZELON filed the foregoing dissent.

We believe bare conclusionary allegations are insufficient to entitle Pasley to a hearing on his motion, coming as they do eight years after his plea of guilty in the District Court. While lapse of time alone may not warrant denial of the issuance of the writ, it is certainly true that one who attacks the validity of his plea of guilty so long after the proceedings in the District Court must carry a heavy burden if he is to overcome the regularity of his conviction.

That the trial court may properly deny request for collateral relief when facts are not set forth and where legal conclusions only are contained in the petition is clear, see United States v. Sturm, 7 Cir., 180 F.2d 413, certiorari denied 1950, 339 U.S. 986, 70 S.Ct. 1008, 94 L.Ed. 1388.

In this connection attention is called to the articles entitled "Use and Abuse of the Writ of Habeas Corpus," by Honorable Louis E. Goodman, Chief Judge, United States District Court for the Northern District of California, 7 F.R.D. 313, and "Limiting the Abuse of Habeas Corpus" by the late Honorable John J. Parker, Chief Judge, United States Court of Appeals for the Fourth Circuit, 8 F.R.D. 171. See also the excellent opinion of Judge Washington on this subject in No. 14,683, Hodges v. United States, 108 U.S.App.D.C. 375, 282 F.2d 858.

We make the foregoing observations in answer to the views expressed by our dissenting colleague.