Clifford G. LEWIS, Petitioner,

v.

L. M. CONNETT, Warden, Federal Correctional Institution, Texarkana, Texas, Respondent.

No. FS–68–C–79.

United States District Court
W. D. Arkansas,
Fort Smith Division.

Oct. 30, 1968.

## MEMORANDUM AND ORDER

JOHN E. MILLER, Senior District Judge, sitting by designation.

On October 28, 1968, the petitioner, Clifford G. Lewis, mailed to the Judge of this court an "Application for Writ of Habeas Corpus" pursuant to § 2241, Title 28, U.S.C.A. There was no affidavit of poverty attached to the document, but the court directed that the petition or application be filed without payment of or security for costs, which order was entered the same date the petition was received.

The records of this court disclose that petitioner was convicted by a jury on Count II of violating 18 U.S.C.A. § 473, and was sentenced on January 26, 1967, by the court to the custody of the Attorney General for confinement in an institution to be selected by the Attorney General for a period of seven years. He appealed to the U.S. Court of Appeals for the Eighth Circuit, which affirmed the judgment of the trial court. Lewis v. United States, (8 Cir. 1967) 382 F.2d 232. A petition for rehearing was denied October 6, 1967.

On May 7, 1968, the petitioner filed a motion under Rule 35, Fed.R.Crim.P., for reduction of sentence, which motion was denied on May 9, 1968.

On August 7, 1968, the petitioner filed a motion to correct an illegal sentence. The motion was considered by the court, and on August 8, 1968, the court filed an unpublished memorandum and opinion denying and dismissing the petition.

In paragraph one of the instant petition the petitioner stated that he is petitioning for "relief from a harsh and unjust penalty, discrimination and cruel and unusual treatment" by L. M. Connett, Warden of the Federal Correctional Institution, Texarkana, Texas. He also named other persons such as the parole adviser and another man whom he designated as "Captain."

The petitioner further alleged:

"1. Habeas Corpus should be issued because cruel unusual treatment. This petitioner has, sence being confined at The Federal Correctional Institution, Texarkana, Texas, been placed on a perminent detail. Cleaning after almost fourty inmates, picking up their shoes, their dirty socks and underwear and the trash which is thrown on the floor. Sweeping, mopping and buffing approximately twenty-eight hundred sq. ft. of floor space along with cleaning the sashes, windows, commodes, wash basins, unerals, showers and hall ways. This job is for seven days a week. When a person breaks the rules at this Institution for punishment he is given a cleaning detail. I have broken no rules sence being confined. Having to wear and work in bad shoes long hours each day has caused many blood veins to become ruptured in my feet and legs along with the breaking down of large veins in my legs. My feet have turned blue from these ruptured veins and the pain at nights is such it is sometimes impossible to sleep.

"2. Habeas Corpus should be issued because medical reasons. All attempts to see a doctor have been denied. This petitioner feels that his feet and legs are fast becomeing perminatly injured, this will cripple the petitioner to the extent that he will be unable to work at his profession should he be confined

further. This petitioner recived a chiped bone in one toe and a broken toe while working. He did not see a doctor, instead two metal straps were nailed on the sole of his shoe and he was sent back to work without further treatment resulting in much pain and toes not healing correctly, this is painful now at each step.

"3. Habeas Corpus should be issued because of discrimination. This petitioner is held under close custody and denied a job change because of length of sentence. This petitioner is on permanent punishment detail because of length of sentence. This petitioner cannot take job training because of close custody. It is practically impossible for a prisoner on close custody to make parole. This petitioner is on close custody because of length of sentence. Other prisoners with as long a sentence are allowed lower custody and better jobs. This petitioner is a first offender with no detainers, holds or escapes on record. This unfair treatment is not justified.

"4. This petitioner recived a seven year sentence without any number for consideration of parole, and has three years more time than any other inmate in this institution serveing time for the same type crime. The next longest sentence being 4 years and the man with the 4 years is a three time looser. This petitioner does not feel that this institution is justified in denieing his requests for decent treatment, lower custody and a job change. The answer I recived for denieing these requests was; 'You have to much time.' or 'We feel for a first offender to get this much time the Court did not want him to have any consideration.' or 'You caught a bad Judge—you have to much time.' "

Other allegations were made but apparently the petitioner relies upon the above.

As above stated, the petitioner is confined in the Federal Correctional Institution, Texarkana, Texas.

Section 2242, Title 28, U.S.C.A., provides that an application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf. The petition was signed but was not verified. However, the court does not feel that jurisdiction should be denied merely because the application is not verified.

The applicable statute further provides:

"If addressed to the Supreme Court, a justice thereof or a circuit judge it shall state the reasons for not making application to the district court of the district in which the applicant is held."

Section 2241(a) and (b) provides:

"(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

"(b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it."

Since the petitioner is confined outside the territorial limits of the Western District of Arkansas, this court is without jurisdiction to grant the application. United States ex rel. Quinn v. Hunter, (7 Cir. 1947) 162 F.2d 644, and cases cited; Ahrens v. Clark, (1948) 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898; Dorsey v. Gill, (1945) 80 U.S.App.D.C. 9, 148 F.2d 857, cert. den. 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003.

In Jones v. Biddle, (8 Cir. 1942) 131 F.2d 853, the court, in considering the question, at page 854 said:

"The statutes relating to habeas corpus manifestly contemplate that the respondent named in an application for habeas corpus shall be the person,

within the territorial jurisdiction of the court, who has the physical custody of the person of the petitioner and who is capable of producing him in court. Wales v. Whitney, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277; Sanders v. Allen, 69 App.D.C. 301, 100 F.2d 717, 718. The power of a district court to grant a writ of habeas corpus is limited to its territorial jurisdiction. 28 U.S.C.A. § 452; Ex parte Gouyet, D.C., 175 F. 230, 233; Sanders v. Allen, 69 App.D.C. 307, 100 F.2d 717."

It is, therefore, ordered and adjudged that the application for writ of habeas corpus filed October 28, 1968, is denied for lack of jurisdiction.