433 F.2d 928
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Hilton SCHAFFER, Defendant-Appellant.
 No. 29296 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 November 13, 1970.
 
 Marlin M. Mooneyham (Ct. Appt.), Mooneyham & Mooneyham, Montgomery, Ala., for appellant.
 Ira deMent, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 AINSWORTH, Circuit Judge:
 
 
 1
 Robert Hilton Schaffer was indicted and convicted on seven counts of an indictment charging violation of 18 U.S.C. § 1341, which prohibits the use of the mails to execute a fraudulent scheme. His sole contention on appeal is that the District Judge erred in ordering the case to trial without first conducting a hearing to determine whether defendant was physically competent to stand trial. We find no error, and affirm the conviction.
 
 
 2
 Schaffer's case was originally scheduled for trial on November 24, 1969, but was continued on notice to the court three days prior to trial date that Schaffer wished to substitute new counsel. Reset for January 19, 1970, the case was once again continued on the morning of the 19th, when it developed that Schaffer had reported into a hospital the night before, complaining of back injuries from a fall in an airport lobby. The same day, upon learning of the defendant's release from the hospital, the District Judge ordered trial set for the 20th.
 
 
 3
 On the morning of the 20th the defendant appeared and by his attorneys requested a continuance until a court-appointed physician could examine him to determine whether he was physically competent to stand trial. The Judge denied the motion for a continuance, but appointed a physician to conduct the requested examination as soon as practicable. Early on the second day of the two-day trial, out of the presence of the jury, the defendant testified as to his present physical condition. He stated that he felt much better and that he found himself able to advise and counsel with his attorneys. Trial resumed, and Schaffer took the stand and testified. Subsequently, affidavits from the courtappointed physician and other medical personnel who had examined Schaffer both in and out of the hospital were assembled and placed in the record. The affidavits tended to show that Schaffer's fall had caused him little more than some continuing back pain, for which medication was prescribed, and that the hospital doctors had admitted him as a patient (despite their findings that no medical necessity existed) solely because he and his employer so requested.
 
 
 4
 "The trial and conviction of a person * * * incapable of making a defense violates certain immutable principles of justice which inhere in the very idea of free government." Sanders v. Allen, 1938, 69 App.D.C. 307, 100 F.2d 717, 720. Courts have recognized that a defendant who is "mentally competent" within the meaning of 18 U.S.C. § 4244 et seq. may yet be "physically incompetent" — unable, by virtue (for example) of a painful physical condition or the temporary effects of narcotics, to participate effectively in his own defense. See United States v. Bernstein, 2 Cir., 1969, 417 F.2d 641; United States v. Knohl, 2 Cir., 1967, 379 F.2d 427, cert. denied, 389 U.S. 973, 88 S.Ct. 472, 19 L. Ed.2d 465 (1967); Clark v. Beto, 5 Cir., 1966, 359 F.2d 554, 556-557 (dictum), cert. denied, 386 U.S. 927, 87 S.Ct. 875, 17 L.Ed.2d 799 (1967). A defendant convicted while incompetent to stand trial has been denied due process. See United States v. Knohl, supra, and cases collected therein.
 
 
 5
 Here the appellant does not contend that he was denied an opportunity to present evidence bearing on his physical competence. Compare Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Welsh v. United States, 5 Cir., 1968, 404 F.2d 414. His objection goes solely to the issue of timing.
 
 
 6
 It has been observed that the granting or denial of a continuance on grounds of physical disability of the defendant is a matter within the sound discretion of the Trial Judge. United States v. Bernstein, supra, 417 F.2d at 643; United States v. Knohl, supra, 379 F.2d at 437. Where the sole concern is that the rigors of trial may jeopardize the defendant's health, this is clearly the correct standard. Competence to stand trial, however, involves questions of fact, and findings in this regard by the District Judge are reversible on appeal if clearly erroneous. Cf. United States v. Armone, 2 Cir., 1966, 363 F.2d 385, 403, cert. denied, 385 U.S. 957, 87 S.Ct. 398, 17 L.Ed.2d 303 (1966). Frequently the Trial Judge will postpone his ruling on his issue until the trial has ended, determining competence nunc pro tunc. United States v. Armone, supra, 363 F. 2d at 402 n. 17. It is this decision — whether to adjudicate the issue of competence before, during or after trial — that is entrusted to the sound discretion of the Trial Judge.
 
 
 7
 Here we are unable to find any indication that appellant was prejudiced by the failure of the Trial Judge to conduct a hearing on the competence issue prior to trial. Nor do we find that it was error, let alone clear error, for the Judge to permit the trial to proceed on the basis that the defendant was competent to assist in his own defense.
 
 
 8
 "We are aware that the record in itself does not always fully reveal whether an accused was substantially denied a fair opportunity to prepare and conduct his defense. There may have been other evidence or sources of evidence disclosed or other theories which would have suggested themselves, but the appellant mentions no specific instance where some line of inquiry or development of theory of substantial importance to the defense was baulked or frustrated because counsel could not get assistance from the accused. Moreover, there is nothing from which such injury can be inferred."
 
 
 9
 United States v. Knohl, supra, 379 F.2d at 438.
 
 
 10
 The judgment of the District Court is affirmed.
 
 
 
 Notes:
 
 
 *
 Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I