**Richard BELLEW, Plaintiff-Appellant,**

**v.**

**J. B. GUNN, Defendant-Appellee.**

**No. 75–2549.**

United States Court of Appeals, Ninth Circuit.

March 24, 1976.

Certiorari Denied July 21, 1976.
See 96 S.Ct. 3180.

Barry J. Portman (argued), San Francisco, Cal., for plaintiff-appellant.

John W. Runde, Deputy Atty. Gen. (argued), San Francisco, Cal., for defendant-appellee.

## OPINION

Before BARNES and KILKENNY, Senior Circuit Judges, and WALLACE, Circuit Judge.

BARNES, Senior Circuit Judge:

Petitioner, in state custody at Folsom State Prison, Represa, California, filed his petition for a writ of habeas corpus in the federal district court, alleging that his guilty plea to a charge of second-degree robbery in 1943 in the Municipal Court for the City and County of San Francisco (1) was "not freely and voluntarily entered, but was coerced by counsel," and (2) "was not knowingly and intelligently made." An evidentiary hearing was held, and the district court denied the petition. We affirm.

█ We note that thirty years after his conviction, petitioner for the first time challenges the legitimacy of his guilty plea and the judgment imposed thereon. Petitioner has been incarcerated in a variety of penal institutions for all but twenty-three months of that period and claims that the extended delay in attacking his conviction is the result of his financial inability to hire counsel, and a prison rule which prevented him from discussing his case with other prison inmates.[1] During his twenty-three months out of prison he talked with no one on this subject.

We next note that although the district court found that petitioner had provided credible reasons for the delay, this lengthy delay in asserting fundamental constitutional rights cannot be ignored. "It, of itself, has substantial impact on appellant's credibility as a witness and affects the quantum of proof necessary to establish the factual prerequisite for habeas corpus relief." United States ex rel. Darrah v. Brierley, 415 F.2d 9, 12 (3rd Cir. 1969); see Pasley v. Overholser, 108 U.S.App.D.C. 332, 282 F.2d 494, 495 (1960), where that Circuit similarly held: "While lapse of time alone may not warrant denial of the issuance of the writ, it is certainly true that one who attacks the validity of his plea of guilty so long after the proceedings in the [Trial] Court must carry a heavy burden if he is to overcome the regularity of his conviction." See also Moreno v. Nelson, 472 F.2d 570, 571 (9th Cir. 1973).

The investigatory problems created by such a lengthy delay are well illustrated in this action. Both the petitioner's defense attorney[2] and the judge before whom he entered his guilty plea[3] were located and gave testimony to the effect that they had no present recollection of the facts surrounding his case.

In the district court below, petitioner claimed that his guilty plea was invalid because at the time he pled guilty he was unaware of the consequences of his plea. Specifically, petitioner alleged that neither his counsel nor the state trial court explained to him what sentence could be imposed.

In examining petitioner's claim, the district court found that the only evidence which supported his contention was petitioner's own statement that he was never informed what sentence could be imposed. The district judge recognized that the transcripts of the state court proceedings indicated that the state court judge never directly and specifically informed petitioner of the potential penalty to which he was subject. This fact, however, merely established that he was not informed of the possible penalties *during the hearing*. In contrast to the above evidence, the district

1. State of California, Department of Corrections, Rules of the Director of Corrections and of the Wardens and Superintendents, D. 2602 (1967 ed.). The rule was revoked in 1973 on the basis of the California Supreme Court's holding in *In re Harrell*, 2 Cal.3d 675, 687–88, 87 Cal.Rptr. 504, 510–11, 470 P.2d 640, 646–47 (1970).

2. Honorable George Maloney, in 1943 a private practitioner, currently a judge of the Municipal Court, City and County of San Francisco.

3. Honorable George B. Harris, in 1943 a judge of the Municipal Court, City and County of San Francisco, now a Senior Judge of the United States District Court, Northern District of California.

judge relied on petitioner's trial counsel's response to the questioning of the judge at the time that petitioner changed his plea from not guilty to guilty. The state trial court asked petitioner's counsel: "Did you discuss the matter with him of the plea?" His counsel responded: "Yes sir. It is just a question of degree. We have to straighten that out."[4] In assessing all of the evidence before it, the district court placed great reliance upon the facts that petitioner was represented by counsel throughout all the state court proceedings, that he had waited over thirty years to assert his claims, and that he had produced no evidence corroborating his statement of lack of knowledge of the possible penalties. Taking these facts into consideration and upon assessing the petitioner's demeanor at the evidentiary hearing, the district court concluded that "when trial counsel stated that he had discussed the matter of the plea with petitioner that this included a discussion of the possible consequences of the plea." C.T. 302.

With respect to the evidentiary hearing held by the district judge, we also note the following: Petitioner's attorney at his state trial testified that it was not his professional custom in 1943 to coerce clients into pleading guilty and that he could not recall ever having done so. R.T. 4. Further, the judge before whom petitioner entered his guilty plea testified that in 1943 he was familiar with the constitutional standards governing the entry of guilty pleas and that it was the practice of municipal judges "to determine that [a guilty] plea was a valid one under all the circumstances" before accepting it. R.T. 7.

At the time of petitioner's guilty plea in 1943, the law required that "a plea of guilty [would] not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." *Ker-*

*cheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012 (1927). Further, "a defendant who [pled] guilty must [have been] made aware of the nature of the charges and of the possible penalties . . . ." *Gilmore v. People of the State of California,* 419 F.2d 379, 380 (9th Cir. 1969), *cert. denied,* 397 U.S. 1078, 90 S.Ct. 1529, 25 L.Ed.2d 814 (1970). Such knowledge in 1943 "need not [have been conveyed] by the court, but may [have been conveyed] by the defendant's attorney." *Id.* See *United States v. Swaggerty,* 218 F.2d 875, 879 (7th Cir. 1955).

■ In ruling upon petitioner's claims here, the district judge properly placed the burden of proof upon the petitioner.

■ There exists a presumption of constitutional regularity which attaches to a state court conviction when collaterally attacked. *Johnson v. Zerbst,* 304 U.S. 458, 468, 58 S.Ct. 1019, 1024, 82 L.Ed. 1461, 1468 (1938). As we stated in *Widmer v. Johnston,* 136 F.2d 416 (9th Cir. 1943):

" 'It must be remembered . . . that a judgment cannot be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of the court carries with it a presumption of regularity' and the prisoner is under the burden of proving by a preponderance of evidence the facts which he alleges entitle him to a discharge."

*Id.* at 417–18, *quoting, Johnson v. Zerbst, supra; accord, Williams v. Smith,* 434 F.2d 592, 595 (5th Cir. 1970); *Bolton v. Harris,* 130 U.S.App.D.C. 1, 395 F.2d 642, 653 (1968); *Waddy v. Heer,* 383 F.2d 789, 793 (6th Cir. 1967), *cert. denied, sub nom., Waddy v. Russell,* 392 U.S. 911, 88 S.Ct. 2069, 20 L.Ed.2d 1369 (1968).[5] Applying this standard, the district judge concluded that petitioner had failed to carry his burden of proof by a preponderance of the evidence.

4. At the time of this statement, and before the plea, the trial court had not yet determined whether petitioner would be convicted of first or second degree burglary. In a subsequent proceeding, the trial court found petitioner to be guilty of second degree burglary.

5. Petitioner relies upon *United States ex rel. McCloud v. Rundle,* 402 F.2d 853, 858 (3rd Cir. 1968), *cert. denied,* 398 U.S. 929, 90 S.Ct. 1822, 26 L.Ed.2d 92 (1970), for authority that, under the facts in this case, the government had the burden of showing that his guilty plea was voluntary. This reliance, however, is mis-

■ As trier of the fact in this case, the district judge was in the position to judge the demeanor of both petitioner and the government witnesses. "As we are not the trier of fact, it is not our function to review the evidence *de novo* . . . ." *United States v. Hood,* 493 F.2d 677, 680 (9th Cir.), *cert. denied,* 419 U.S. 852, 95 S.Ct. 94, 42 L.Ed.2d 84 (1974). In our review of the district court's ruling, it is clear that we cannot set aside the district court's ruling unless it is clearly erroneous. As we have previously held:

> "[T]he district court found specifically that appellant's guilty plea was made voluntarily and with full understanding of the consequences. We cannot set aside this finding unless it is clearly erroneous. F.R.Civ.P. 52(a). On this record there is substantial evidence that appellant entered the plea voluntarily. He did so only after consultation with, and upon the advice of, competent counsel."

*Knowles v. Gladden,* 378 F.2d 761, 766–67 (9th Cir. 1967); *accord, Albrecht v. Nelson,* 462 F.2d 623, 624 (9th Cir. 1972); *Moss v. Craven,* 427 F.2d 139, 140 (9th Cir. 1970). Utilizing this standard, we conclude that the district judge had before him substantial evidence to conclude that when petitioner entered his guilty plea in the state court, his trial counsel had discussed the matter of the plea with him, including the length of sentence which could be imposed.

Accordingly, the judgment of the district court denying the petition for a writ of habeas corpus is *affirmed.*

placed since the Third Circuit subsequently specifically overruled *McCloud* (as well as the two Third Circuit cases which followed it) in an *en banc* holding: *United States ex rel. Grays v. Rundle,* 428 F.2d 1401, 1404 (3rd Cir. 1970); *see also United States ex rel. Baity v. Maroney,* 435 F.2d 1254, 1255 n. 1 (3rd Cir. 1970). *And see Walker v. Johnston,* 312 U.S. 275, 287, 61 S.Ct. 574, 579, 85 L.Ed. 830, 836 (1941), quoted with approval in *Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473, 479 (1962).

In *United States ex rel. Grays v. Rundle, supra,* Judge Freedman's concurring opinion states, at page 1405:

"Where the defendant pleads guilty with the advice of counsel, however, there is no reason to presume that he was ignorant of the nature of the charge or the consequences of the plea. Indeed, the more rational assumption is that all the necessary considerations which should have been recorded at the guilty plea proceedings were canvassed with him by his counsel before the decision to plead guilty was reached. In such a case, therefore, even though the record is silent, we should presume that the plea of guilty was voluntarily entered as an intelligent and knowing act rather than presume the contrary."