UNITED STATES of America ex rel. William E. BAITY E-1152, Appellant,

v.

James F. MARONEY, Superintendent.

No. 18979.

United States Court of Appeals, Third Circuit.

Submitted on Briefs Dec. 11, 1970.

Decided Dec. 29, 1970.

William E. Baity, pro se.

James D. Crawford, Deputy Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief, for appellee.

Before ALDISERT, ADAMS, and ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Before us is an appeal from the district court's denial of a writ of habeas corpus. Represented by counsel, the appellant in 1949 entered a guilty plea to a general charge of murder before a panel of three judges which made a finding of first degree murder and imposed a life sentence. He took no direct appeal from the finding and the sentence.

Seventeen years later, contending that his guilty plea had been unlawfully induced by a coerced confession, appellant filed a petition under the Pennsylvania Post Conviction Hearing Act. Testimony from both appellant and his trial counsel was received at an evidentiary hearing. The state court denied the petition, and the denial was affirmed by the Pennsylvania Supreme Court, Commonwealth v. Baity, 428 Pa. 306, 237 A.2d 172 (1968).

Appellant then filed a habeas corpus petition in the district court, and a second evidentiary hearing was held at which the appellant and trial counsel again testified. The district court denied the petition.

We find no merit in any of the contentions raised in this appeal. Although there was no on-the-record colloquy at

the taking of the plea, we have previously held that the rule of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) will not be applied retroactively. United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3 Cir. 1969); United States ex rel. Fear v. Rundle, 423 F.2d 55 (3 Cir. 1970).

 In United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3 Cir. 1970), we held that the relator has the burden of showing that his guilty plea was not entered as an intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." Our independent review of the records of the degree of guilt hearing and the two evidentiary hearings convinces us that appellant did not meet this burden.[1]

The Supreme Court has recently ruled that a competently counseled defendant who alleges that he pleaded guilty because of a prior coerced confession is not, without more, entitled to a hearing on his petition for heabeas corpus. Mc-Mann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Moreover, appellant's trial counsel testified that appellant did not tell him his confession was coerced. And both the state court and the district court, after separate evidentiary hearings, found no coercion.

The record indicates that the Pennsylvania felony-murder rule was explained to appellant by his counsel and suggests that appellant was induced to plead guilty because of assurances that the maximum sentence would be life imprisonment. This inflicts no constitutional infirmities upon the proceedings. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); North Carolina v. Alford, 400 U.S. 25

---

1. The district court applied the standard in effect at the time of the hearing which imposed upon the Commonwealth the burden of proving the voluntary nature of a guilty plea, United States ex rel. McCloud v. Rundle, 402 F.2d 853 (3 Cir. 1968); United States ex rel.

91 S.Ct. 160, 27 L.Ed.2d 162 (November 23, 1970).

The judgment of the district court will be affirmed.

Crosby v. Brierley, 404 F.2d 790 (3 Cir. 1968); United States ex rel. Fink v. Rundle, 414 F.2d 542 (3 Cir. 1969). We have expressly stated that these cases are not to be followed to the extent they may be inconsistent with our later decision in *Grays*.