Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Argued December 8, 2003            Decided June 18, 2004

No. 02-5228

THADDEUS FLETCHER,
APPELLANT

v.

DISTRICT OF COLUMBIA, ET AL.,
APPELLEES

————

Appeal from the United States District Court
for the District of Columbia
(No. 01cv601)

————

*D. Allison Baker*, appointed by the court, argued the cause as *amicus curiae* in support of appellant. With him on the briefs were *William B. Schultz* and *David Reiser*.

*Thaddeus Fletcher*, appearing *pro se*, was on the briefs for appellant.

———

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

*Beverly M. Russell*, Assistant U.S. Attorney, argued the cause for appellee United States Parole Commission. With her on the brief were *Roscoe C. Howard, Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

*Edward E. Schwab*, Acting Deputy Corporation Counsel, and *Mary L. Wilson*, Assistant Corporation Counsel, were on the brief for appellee the District of Columbia.

Before: GINSBURG, *Chief Judge*, and RANDOLPH and ROBERTS, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* GINSBURG.

GINSBURG, *Chief Judge*: Thaddeus Fletcher challenges the district court's dismissal of his claim, brought pursuant to 42 U.S.C. § 1983, that the United States Parole Commission exceeded its authority and violated the Ex Post Facto Clause of the Constitution of the United States by determining his parole eligibility date on the basis of parole regulations and guidelines promulgated after the crime for which he was incarcerated. Although we conclude the district court erred in holding Fletcher's claim must be brought as a petition for habeas corpus, we affirm the judgment of the district court because Fletcher's claims fail on their merits.

## I.  Background

In 1978 Fletcher was convicted of rape in District of Columbia Superior Court and was sentenced to a term of 12–36 years in prison. He was released on parole in 1990, after having served the minimum of 12 years. In 1995 he was convicted in Maryland of assault with intent to commit murder and was sentenced to five years in prison. The District of Columbia Board of Parole then issued a warrant against Fletcher for violation of his parole. The warrant was executed upon Fletcher's release from custody in Maryland in August 1998. After affording him a hearing, the Board revoked Fletcher's parole in October of that year and imposed a 24–month "set-off" before he could be considered again for parole.

In August 2000, pursuant to § 11231 of the National Capital Revitalization and Self–Government Improvement Act of 1997, Pub. L. 105–33, 111 Stat. 712 (D.C. Revitalization Act), the D.C. Board was dissolved and its responsibility for the release of prisoners incarcerated under D.C. law was transferred to the United States Parole Commission. That body was vested with "authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia." D.C. Code § 24–131(a)(1). Pursuant to that authority, the Commission promulgated a regulation in which it applied to D.C. prisoners its existing guidelines for the reparole of federal prisoners. *See* 28 C.F.R. § 2.80.

In December 2000 the Commission considered and denied Fletcher reparole. Pursuant to its regulations, the Commission gave Fletcher a "presumptive" reparole date of October 29, 2010.* Fletcher, who was then confined at D.C.'s Lorton Correctional Facility, filed a pro se complaint in district court against the District of Columbia, the D.C. Department of Corrections, the D.C. Board, and the Commission,** seeking compensatory and punitive damages under 42 U.S.C. § 1983. He alleged the Commission exceeded its statutory authority and violated the Ex Post Facto Clause by applying its 1998 regulations and guidelines to him. As the foundation for his constitutional claim, Fletcher asserted he would have been eligible for parole sooner under the D.C. Board guidelines in effect when he was convicted in 1978.

The district court granted the defendants' motion to dismiss on the ground that Fletcher could not seek damages via § 1983 "for alleged constitutional errors by the paroling authorities in setting a release date." The district court concluded that, because a judgment in Fletcher's favor

---

\* After Fletcher filed suit in the district court the Commission, realizing it "may have" erred, gave Fletcher a new presumptive reparole date of October 29, 2007.

\*\* We affirm the district court's dismissal of Fletcher's claims against the District of Columbia defendants because they had nothing to do with the decision of which he complains.

"would be equivalent to a decision that his detention until the parole date set by the [Commission] would be unlawful," his claim must be brought as a petition for habeas corpus. Noting that Fletcher had filed a habeas petition alleging the same constitutional violation, the district court further held that, under *Heck v. Humphrey*, 512 U.S. 477 (1994), the present action for damages was premature.

On appeal Fletcher argues he is challenging neither the validity of his conviction or sentence nor the Commission's denial of his reparole. Rather, he challenges only the "procedures used . . . in determining whether or not he is eligible for parole," a claim he asserts may be brought under § 1983. The District and the Commission argue that Fletcher's case falls under the *Preiser* trilogy as interpreted in this circuit and it therefore must be brought as a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas is exclusive remedy for state prisoner's attack on revocation of good-time credits because he "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is . . . immediate release or a speedier release from that imprisonment"); *Heck*, 512 U.S. at 487 (claim for damages under § 1983 not available where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" unless "plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997) (claim that good-time credits were revoked without due process not cognizable under § 1983 because success would "necessarily imply" the invalidity of continued imprisonment); *Razzoli v. Federal Bureau of Prisons*, 230 F.3d 371, 374–76 (D.C. Cir. 2000) (habeas is exclusive vehicle for federal prisoner's challenge to postponement of parole eligibility).

## II. Analysis

In *Chatman-Bey v. Thornburgh*, we held that habeas is the exclusive means by which a federal prisoner may challenge a parole eligibility decision, even though success on such a claim would lead neither to his immediate release nor to a

definite reduction in his sentence. *See* 864 F.2d 804, 808–10 (D.C. Cir. 1988). A decade later, with the benefit of the Supreme Court's decisions in *Heck* and *Balisok* and in accord with the decisions of the other circuits that had addressed the issue, *see, e.g., Gwin v. Snow*, 870 F.2d 616, 624–25 (11th Cir. 1989); *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987), we held a "challenge[ ] to state parole procedures whose success would not necessarily result in immediate or speedier release need not be brought in habeas corpus, even though the prisoners filed their suits for the very purpose of increasing their chances of parole." *Anyanwutaku v. Moore*, 151 F.3d 1053, 1055–56 (D.C. Cir. 1998). In that case we distinguished *Chatman-Bey* as having concerned a federal prisoner, *see id.* at 1057, of which more below.

Contrary to the Government's argument, our subsequent decision in *Razzoli v. Federal Bureau of Prisons* — which also involved a federal prisoner — left *Anyanwutaku* intact. Razzoli brought a claim under § 1983 challenging the Parole Commission's decision to postpone the date on which he would become eligible for parole. 230 F.3d at 374. In keeping with our decision in *Chatman-Bey v. Thornburgh*, we held his claim must be brought in habeas. *See id.* at 376. Because the Supreme Court had not "had occasion to rule definitively" upon whether "claims with a merely probabilistic impact on the duration of custody" could be brought under § 1983, *id.* at 375, we concluded there was no conflict between *Chatman-Bey* and the *Preiser* trilogy. We confined our holding in *Razzoli*, however, to claims brought by federal prisoners:

> *Chatman-Bey* made clear that a major implication of habeas exclusivity in cases involving federal prisoners was its impact on venue. In non-habeas federal prisoner actions, a plaintiff could almost always name a defendant over whom the district court for the District of Columbia would have personal jurisdiction. But a habeas challenge must be brought against the *custodian*, a rule that channels such claims into the federal court with jurisdic-

tion over the claimant's prison. That consequence is, of course, every bit as applicable here as in *Chatman-Bey* itself, but had little or no relevance to *Anyanwutaku*; even if *state* prisoners with probabilistic claims are relieved of the strictures of *Balisok*, the District of Columbia would generally not be a possible site for litigation.

*Id*. at 376 (emphasis in original).

A ruling in favor of Fletcher on the merits of his challenge to the procedures pursuant to which the Commission denied his parole would not be, in the words of the district court, "equivalent to a decision that his detention until the parole date set by the Parole Commission would be unlawful." Such a ruling would affect only the date on which he becomes eligible for parole, not necessarily the date on which he is in fact paroled. This case is therefore controlled by our holding in *Anyanwutaku v. Moore* that a D.C. prisoner's § 1983 claim "must first be brought in habeas only when, if successful, it would 'necessarily imply,' or automatically result in a speedier release from prison." 151 F.3d at 1056. Hence, Fletcher may bring his claim pursuant to § 1983.

* * *

The Commission takes the position that it is not amenable to suit under 42 U.S.C. § 1983 because "it does not act under color of state law." Not so with respect to a D.C. prisoner. Fletcher challenges actions taken by the defendants pursuant to the D.C. Revitalization Act. Section 1983 provides for recovery against any person who deprived the plaintiff of a constitutional right "under color of any statute . . . of any State or Territory or the District Columbia," including "any Act of Congress applicable exclusively to the District of Columbia." 42 U.S.C. § 1983. Because the D.C. Revitalization Act is such a statute, we have no doubt the defendant members of the United States Parole Commission are amenable to suit under § 1983 for actions taken pursuant to that Act.*

---

* The Commission also argues it cannot be sued under 42 U.S.C. § 1983 because it is not a "person." We construe Fletcher's

With regard to the merits of his claim, Fletcher first argues the Commission exceeded its statutory authority by applying to him its own parole regulations and guidelines rather than the guidelines of the defunct D.C. Board of Parole. This argument is without merit. As the Commission points out, under D.C. Code § 24–131(c), the Commission may "amend or supplement" the rules of the D.C. Board of Parole. Pursuant to this authority, the Commission promulgated a regulation making its guidelines regarding reparole applicable to D.C. Code offenders. *See* 28 C.F.R. § 2.81(a).

Fletcher also argues that application to him of the Commission's guidelines offends the Ex Post Facto Clause because the guidelines were promulgated by the Commission and made applicable to D.C. Code offenders after the conduct for which he was convicted. This claim is also without merit. The Ex Post Facto Clause provides: "No … ex post facto Law shall be passed" by the Congress. U.S. Const. Art. I, sec. 9. Although we have twice reserved the issue, *see Blair–Bey v. Quick*, 151 F.3d 1036, 1049 n.12 (D.C. Cir. 1998); *Warren v. U.S. Parole Comm'n*, 659 F.2d 183, 197 n.57 (D.C. Cir. 1981), we think it perfectly clear, and we now hold, a parole guideline is not a "law" within the proscription of the Ex Post Facto Clause; the Commission's guidelines are merely policy statements, from which the Commission may depart in its discretion. We join the Second, Seventh, Ninth, and Eleventh Circuits in so holding. *See Wallace v. Christensen*, 802 F.2d 1539, 1553 (9th Cir. 1986) (Parole Commission's guidelines "are procedural guideposts without the characteristics of laws"); *Prater v. U.S. Parole Comm'n*, 802 F.2d 948, 954 (7th Cir. 1986) ("guides may be discarded where circumstances require; laws may not"); *DiNapoli v. Northeast Regional Parole Comm'n*, 764 F.2d 143, 147 (2d Cir. 1985); *Dufresne v. Baer*, 744 F.2d 1543, 1550 (11th Cir. 1984).

complaint to have named the individual members of the Commission, in accordance with the general rule that, upon a motion to dismiss, the complaint — particularly a complaint filed by a pro se prisoner — should be construed liberally. *See, e.g.*, *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004).

### III.   Conclusion

For the foregoing reasons, the judgment of the district court is

*Affirmed.*