Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued December 8, 2003      Decided July 16, 2004

No. 01-5432

CEDRIC STOKES A/K/A ABDUS SALAAM MUHAMMED,
APPELLANT

v.

UNITED STATES PAROLE COMMISSION,
APPELLEE

Appeals from the United States District Court
for the District of Columbia
(No. 00cv03075)

*Timothy P. O'Toole*, Attorney, Public Defender Service of the District of Columbia, argued the cause for appellant. With him on the briefs were *James W. Klein* and *Giovanna Shay*, Attorneys.

*Edward E. Schwab*, Acting Deputy Corporation Counsel, and *Mary L. Wilson*, Assistant Corporation Counsel, were on

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

the brief as *amicus curiae* in support of appellant's position on jurisdiction.

*John R. Fisher*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Roscoe C. Howard, Jr.*, U.S. Attorney, and *Elizabeth H. Danello, Robert D. Okun* and *Lisa H. Schertler*, Assistant U.S. Attorneys. *Mary-Patrice Brown*, Assistant U.S. Attorney, entered an appearance.

Before: GINSBURG, *Chief Judge*, and RANDOLPH and ROBERTS, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* GINSBURG.

GINSBURG, *Chief Judge*: Cedric Stokes challenges the district court's denial of his habeas corpus petition, brought pursuant to 28 U.S.C. § 2241. In his petition Stokes claimed the United States Parole Commission violated the Ex Post Facto Clause of the Constitution of the United States by denying him parole and determining his parole rehearing date on the basis of regulations and guidelines promulgated after the crimes of which he was convicted. On appeal, another panel of this Court concluded the district court lacked jurisdiction over the proper respondent. When Stokes petitioned for rehearing, however, that panel vacated its earlier decision. For the following reasons, we reverse the judgment of the district court insofar as it purported to exercise jurisdiction over Stokes's petition, and remand this case with directions to dismiss his petition without prejudice.

## I. Background

In 1987 Stokes was convicted in District of Columbia Superior Court of various violations of the D.C. Code. He was sentenced to consecutive prison terms of 10–30 and of 8–24 years and to a term of 2–6 years to be served concurrently.

Since August 2000 the United States Parole Commission has been responsible for making parole determinations with respect to District of Columbia prisoners. *See* D.C. Code § 24–131(a)(1); National Capital Revitalization and Self–Government Improvement Act of 1997 § 11231, Pub. L. 105–33,

111 Stat. 712; *Fletcher v. District of Columbia et al.*, 370 F.3d 1223, ___ (D.C. Cir. 2004). In October 2000 the Commission denied Stokes parole and put off any rehearing for 48 months. Each decision represented a departure from the Commission's guidelines adverse to Stokes.

Under those guidelines a prisoner with Stokes's "Base Point Score" is ordinarily paroled; if such a prisoner is denied parole, then the guidelines recommend he be given a rehearing in 12–18 months. The Commission explained that it departed from the guidelines because it believed Stokes posed an "unusual risk to the safety of the community." The Commission noted in this regard that Stokes was sentenced for his "involvement in 3 separate assaults with a deadly weapon over a period of 7 months," including an incident during which he "brutally beat the victim in his head with a shovel, causing serious bodily injury."

Stokes, who is now in a federal facility in South Carolina but was then incarcerated in a private prison in Ohio, filed a petition for a writ of habeas corpus in the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 2241. In his habeas petition he argued the application to him of the Commission's parole guidelines violated the Ex Post Facto Clause because the guidelines were promulgated by the Commission and made applicable to D.C. Code offenders after the conduct for which he was incarcerated. The Commission opposed Stokes's petition, arguing, among other things, that the district court lacked personal jurisdiction over the only proper respondent — the warden of the Northeast Ohio Correctional Center — and, in any event, the Ex Post Facto claim lacked merit.

After a procedural detour of no concern here, the district court ultimately denied Stokes's petition because he had not shown "application of the Parole Commission's regulations 'yields results materially harsher than those ordinarily occurring under the prior regime.'" Dist. Ct. Mem. Op. at 3, citing *Blair-Bey v. Quick*, 159 F.3d 591, 592 (D.C. Cir. 1998). The district court granted a certificate of appealability, however, because "the precise application of the Constitution's

prohibition against *ex post facto* laws to Parole Commission regulations" was then still unresolved in this circuit.*

On appeal, a different panel of this Court held the district court lacked jurisdiction over the warden of the Ohio facility in which Stokes was incarcerated; his petition should therefore have been dismissed. The court also noted Stokes could refile his claim in a judicial district with jurisdiction over the warden of the Ohio correctional center. Upon Stokes's petition for rehearing, we vacated that judgment and invited the District of Columbia to participate as an amicus curiae. The District of Columbia is of the view that the district court had jurisdiction over Stokes's habeas petition but takes no position on the merits of the claims presented therein.

## II.   Analysis

District courts may grant habeas relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). Because "[a] writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in . . . custody," *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 494 (1973), a court may issue the writ only if it has jurisdiction over that person. *See Padilla v. Rumsfeld*, 2004 WL 1432135, at *5, *9, 542 U.S. ___, ___ (June 28, 2004).

As an initial matter, it is clear the only proper respondent to Stokes's habeas petition was his "immediate custodian"— that is, the warden of the Ohio facility in which he was incarcerated at the time he filed the petition. *See Padilla*, 2004 WL 1432135, at *5, 542 U.S. at ___; *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("When a prisoner seeks to challenge parole-related decisions, the warden of the prison . . . is the prisoner's 'custodian' "); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810–11 (D.C. Cir. 1988) (en banc)

---

* We have since resolved the issue, holding parole guidelines are not "laws" within the proscription of the Ex Post Facto Clause. *See Fletcher*, 370 F.3d at ___. Thus, even if the United States District Court for the District of Columbia had jurisdiction over his immediate custodian, Stokes's claim would have failed on the merits.

("proper defendant in federal habeas cases is the warden" of the facility where prisoner is incarcerated).

Citing *Braden v. 30th Judicial District of Kentucky*, 410 U.S. 484 (1973), *Strait v. Laird*, 406 U.S. 341 (1972), and *Ex Parte Mitsuye Endo*, 323 U.S. 283 (1944), Stokes argues the "immediate custodian" rule is a "policy rule[ ]," rather than a "hard and fast limitation[ ] drawn from the plain language of the applicable habeas statutes." If this theory was once viable, it clearly is not after *Padilla*.

"In *Braden* and *Strait*," the *Padilla* Court explained, "the immediate custodian rule did not apply because *there was no* immediate physical custodian with respect to the 'custody' being challenged." *Padilla*, 2004 WL 1432135, at *6, 542 U.S. at __ (emphasis in original). Here there was: At the time Stokes filed his petition, the warden of the Ohio facility "exercise[d] day-to-day control," *id.*, over Stokes. The immediate custodian rule therefore applies in this case. *See id.*; *accord Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986) ("The *Braden* decision in no way stands for the proposition that the Parole Commission is the 'custodian' of a prisoner currently incarcerated in a federal penal institution").

*Endo* is equally unhelpful to Stokes's cause. Endo, a Japanese–American citizen of the United States interned in California by the War Relocation Authority (WRA), brought a habeas petition in the United States District Court for the Northern District of California, naming an official of the WRA as the respondent. While Endo's petition was pending before that court, the Government moved her to Utah. The Supreme Court held the Northern District of California retained jurisdiction over the habeas petition, notwithstanding that the prisoner — and hence her immediate custodian — was now in Utah. *See* 323 U.S. at 306 ("the removal [of the prisoner] did not cause [the District Court] to lose jurisdiction where a person in whose custody she is remains within the district").

*Endo* did not, as Stokes maintains, "relax" the immediate custodian rule but rather recognized the continuing jurisdic-

tion of the court in which that rule is first satisfied. As the Supreme Court recently explained:

> *Endo* stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.

*Padilla*, 2004 WL 1432135, at *8, 542 U.S. at ＿.

Thus, if Stokes had filed his petition in the United States District Court for the Northern District of Ohio, naming the Ohio warden as the respondent, then under *Endo* that court would have retained jurisdiction over his petition notwithstanding Stokes's later transfer to the federal penitentiary in South Carolina where he is now incarcerated. Instead, Stokes filed his petition in the District Court for the District of Columbia. Because Stokes was already in Ohio when he filed, that court never acquired jurisdiction over his petition. That Stokes had been arrested and convicted in D.C. in 1987 and that he served a portion of his prison term in a D.C. correctional facility are of no moment under the immediate custodian rule. *See Padilla*, 2004 WL 1432135, at *8, 542 U.S. at ＿.

In sum, the warden of the Northeast Ohio Correctional Center is the only proper respondent to the petition before us.*

---

* Stokes and the amicus also argue that under *Sanders v. Allen*, 100 F.2d 717 (D.C. Cir. 1938), the custodian of a "D.C. prisoner" is one who ultimately "controls" his release, rather than the warden of the facility in which he is incarcerated at the time he files his habeas petition. That is not so, for two reasons. First, in *Sanders* and the other cases upon which Stokes relies, the prisoner was incarcerated in either the Occoquan or the Lorton, Virginia facility — both of which we held were, as a practical matter, "jail[s] of the District," 100 F.2d at 719, because they were owned and controlled by the District and were located just outside its borders. The Northeast Ohio Correctional Center clearly does not have a

It is equally clear the district court did not have jurisdiction over the warden of the Northeast Ohio Correctional Center. Relying again upon the Supreme Court's decisions in *Braden v. 30th Judicial District of Kentucky*, 410 U.S. 484 (1973), and *Strait v. Laird*, 406 U.S. 341 (1972), Stokes and the amicus assert the Supreme Court "has abandoned an 'inflexible jurisdictional rule'" based upon the territorial jurisdiction of the district court, "in favor of explicit reliance on modern principles of personal jurisdiction and service of process."

The Supreme Court's recent opinion in *Padilla* unequivocally rejected that theory as well. Concluding that the limiting language in the habeas statute — "within their respective jurisdictions," 28 U.S.C. § 2241(a) — means a district court may issue the writ only to one who is within its district, the Court held that in habeas cases involving "present physical confinement, jurisdiction lies in only one district: the district of confinement." *Padilla*, 2004 WL 1432135, at *10, 542 U.S. at ___. This is necessarily so because in such cases "the immediate custodian and the prisoner reside in the same district." *Id.* at *11. Therefore, a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction. *Guerra*, 786 F.2d at 417. Dicta to the contrary in the course of our en banc disposition of *Chatman-Bey v. Thornburgh*, therefore, have been overtaken by *Padilla*. *See* 864 F.2d at 813.

## III. Conclusion

For the foregoing reasons, the judgment of the district court purporting to deny Stokes's petition on the merits is reversed for want of jurisdiction, and this matter is remanded

similar relationship to the District. *Cf. Ex Parte Flick*, 76 F.Supp. 979, 981 (D.D.C. 1948), *aff'd sub nom. Flick v. Johnson*, 174 F.2d 983 (D.C. Cir. 1949). Second, to the extent those cases were previously susceptible to the reading Stokes and the amicus urge, they are inconsistent with the Supreme Court's recent decision in *Padilla* and have thus been overruled.

to the district court so that it may dismiss the petition without prejudice.

*So ordered.*