UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID L. COLLINS,　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Petitioner,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　　　)　　　Civil Action No.　　**11 0423**
　　　　　　　　　　　　　　　　　　　　)
EXECUTIVE DIRECTOR, NEVADA　　　 )
DEPARTMENT OF CORRECTIONS,　　 )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Respondent.　　　　　　 )

## MEMORANDUM OPINION

On a preprinted form designed for the filing of a petition for a writ of habeas corpus

under 28 U.S.C. § 2241, petitioner brings this action against the Executive Director of the

Nevada Department of Corrections for the purpose of securing documents pertaining to his arrest

and conviction. If the requested documents are not produced, petitioner demands in the

alternative that the court "ORDER the EXTINSHMENT [sic] OF THE CASE, NPT, WITH

PREJUDICE, forthwith." Pet. at 7 (emphasis in original).[1]

"[W]hen a state prisoner is challenging the very fact or duration of his physical

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release

or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."

*Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, this district court may not entertain

this habeas petition because petitioner is not physically confined in the District of Columbia. *See*

*Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Rather, a petition

---

[1]　　　Petitioner has raised a similar claim, unsuccessfully, in the United States Court for
the District of Nevada. *See Collins v. People of the State of Nevada*, No. 2:10-cv-1458, 2010
WL 5288197 (D. Nev. Dec. 16, 2010).

properly is filed in "the district within which the State court was held which convicted and sentenced him[.]" 28 U.S.C. § 2241(d).

Accordingly, the Court will dismiss this action. An Order is issued separately.

_____
United States District Judge

DATE: Feb. 16, 2011