## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DANTE MORRIS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Civ. Action No. 11-0549 (ESH)** |
| | ) | |
| **FEDERAL ACQUISITION** | ) | |
| **POLICY DIVISION,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

## MEMORANDUM

Petitioner, a prisoner at the Federal Correctional Institution in Fort Dix, New Jersey,

seeks a writ of *habeas corpus*, but he has named the wrong respondent and has filed in the wrong

court. "The writ[] or order to show cause [why the writ should not be granted] shall be directed

to the person having custody of the person detained." 28 U.S.C. § 2243. Furthermore, "a district

court may not entertain a habeas petition involving present physical custody unless the

respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374

F.3d 1235, 1239 (D.C. Cir. 2004); *see Rooney v. Sec'y of Army*, 405 F.3d 1029, 1032 (D.C. Cir.

2005) (habeas "jurisdiction is proper only in the district in which the immediate . . . custodian is

located") (internal citations and quotation marks omitted).

The Federal Acquisition Policy Division is not a proper habeas respondent, and

petitioner's recourse lies, if at all, in the United States District Court for the District of New

Jersey. Accordingly, this action will be dismissed. A separate order accompanies this

Memorandum.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE: March 21, 2011