# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KENNETH MAXWELL, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 10-1613 (RMC) |
| HARLEY LAPPIN, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner, who is in federal custody, commenced this case by filing a purported petition for a writ of mandamus. Respondent has moved the Court to construe the petition as a petition for a writ of habeas corpus and to transfer the petition to the district having territorial jurisdiction over Petitioner's warden. This motion will be granted, and furthermore, the current respondent will be dropped and the proper respondent will be added.

**I.    The Court Construes the Petition for a Writ of Mandamus as a Petition for a Writ of Habeas Corpus Brought Under 28 U.S.C. § 2241.**

Petitioner is currently imprisoned at United States Penitentiary (USP) McCreary, where he is allegedly serving a 48-month sentence. *See* Pet. for Writ of Mandamus ("Pet.") [Dkt.# 1] at 1; Federal Bureau of Prisons, *Inmate Locator*, http://www.bop.gov/iloc2/LocateInmate.jsp (search for Register No. 31259-054). Petitioner proffers no additional details about this sentence. Petitioner further alleges that the United States District Court for the Southern District of New York sentenced him to an unrelated 41-month term of imprisonment, which he claims should run concurrently with the 48-month sentence. *Pet.* at 2–3. Petitioner invokes 28 U.S.C. § 1361—the statute providing for mandamus relief against federal officers and employees—and asks the Court to compel the Federal Bureau of

Prisons (BOP) to execute his 41-month sentence concurrently with his 48-month sentence. Pet. at 1, 4. Respondent argues that the petition should be construed as one for habeas corpus, not mandamus. Mot. to Transfer ("Mot.") [Dkt. # 11]. The Court agrees.

"Mandamus is a drastic remedy to be invoked only in extraordinary situations . . . ." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n.2 (D.C. Cir. 1988) (citing *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34–35 (1980). Accordingly, the Court of Appeals for the District of Columbia Circuit has held that where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie." *Id.* at 806. It is well settled that habeas is a potentially efficacious remedy for challenges to the duration of imprisonment. *See id.* at 810 n.5; *Bayless v. U.S. Parole Comm'n*, No. 94-cv-686, 1996 WL 525325, at *7 (D.D.C. Sept. 11, 1996) ("When a prisoner attacks the . . . duration of his confinement, the remedy sought is relegated to . . . habeas corpus relief . . . ."). For federal prisoners challenging the duration of imprisonment imposed by a federal court, habeas relief is available under 28 U.S.C. § 2241. In this case, Petitioner seeks to have his 41-month federally imposed sentence served concurrently, as opposed to consecutively, with his current 48-month sentence. Pet. at 4. Petitioner thus challenges the duration of his confinement and must bring a habeas petition under § 2241. The Court will therefore construe the petition in this case as a habeas petition brought under § 2241.

## II.     Director Lappin Will Be Dropped and the Proper Respondent Will Be Added.

Petitioner commenced this action against Harley Lappin, Director of the Federal Bureau of Prisons. *See* Pet. at 1. The proper respondent in a habeas case is the person having custody, *i.e.* legal control, over the petitioner. 28 U.S.C. § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). For ordinary prisoners, such a custodian is the prisoner's warden. *Chatman-*

*Bey*, 864 F.2d at 811. Richard Ives, not Director Lappin, is Petitioner's warden. The Federal Rules of Civil Procedure permit a court to, "on its own, . . . at any time, and on just terms, add or drop a party." Fed. R. Civ. P. 21. The Court will therefore drop Director Lappin from this case and add Warden Ives.

### III. This Case Will Be Transferred.

A habeas petition under § 2241 must be filed in the federal court with territorial jurisdiction over the respondent. *See* 28 U.S.C. § 2241(a) (providing that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions"); *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."). USP McCreary is located in Pine Knot, Kentucky, which is within the territorial jurisdiction of the United States District Court for the Eastern District of Kentucky. *See* Federal Bureau of Prisons, *USP McCreary Contact Information*, http://www.bop.gov/DataSource/execute/dsFacilityAddressLoc?start=y&facilityCode=mcr (last visited May 17, 2011) (providing the physical address of USP McCreary); 28 U.S.C. § 97(a) (providing that the Eastern District of Kentucky includes McCreary County).

A district court shall transfer a habeas petition to a court with proper territorial jurisdiction when such transfer is "in the interests of justice." 28 U.S.C. § 1631; *see, e.g.*, *Bailey v. Fulwood*, No. 10-cv-463, 2011 WL 677999, at *5 (D.D.C. Feb. 15, 2011). Such a transfer is in the interest of justice where, *inter alia*, "it would be time-consuming and potentially costly" for a petitioner to refile his petition in the proper court. *Stern v. Fed. Bureau of Prisons*, 601 F.

Supp. 2d 303, 306–07 (D.D.C. 2009). Because it would be too costly and time-consuming to make Petitioner refile his petition, the Court will simply transfer it.[1]

### IV. Conclusion.

For the reasons discussed above, the petition will be construed as a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, Director Lappin will be dropped, Warden Ives will be added. Further, the motion to transfer [Dkt. # 11] will be granted and this case will be transferred to the United States District Court for the Eastern District of Kentucky. A memorializing Order accompanies this Memorandum Opinion.

Date: May 18, 2011

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

---

[1] Section 1631 gives federal courts "authority to make a single decision upon concluding that it lacks jurisdiction—whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court of appeals that has jurisdiction." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 803 (1988). In this opinion, the Court has decided not only to transfer this case, but also to drop Director Lappin and add Warden Ives. This is proper because the Court cannot conclude that it lacks jurisdiction over this action without first concluding that Director Lappin is not a proper respondent.