**ZHENLI YE GON, Appellant**

v.

**Edwin D. SLOANE, United States Marshal for the District of Columbia, et al., Appellees.**

No. 11–5342.

United States Court of Appeals, District of Columbia Circuit.

Oct. 25, 2012.

Gregory Stuart Smith, Law Office of Gregory S. Smith, Washington, DC, John Christian Lowe, Esquire, John Lowe, PC, Bethesda, MD, for Petitioner–Appellant.

R. Craig Lawrence, John Alexander Romano, Trial, U.S. Attorney's Office, Washington, DC, for Respondent–Appellee.

Before: SENTELLE, Chief Judge, TATEL, Circuit Judge, and RANDOLPH, Senior Circuit Judge.

### JUDGMENT

This appeal from the United States District Court for the District of Columbia's order granting defendants' motion to dismiss was presented to the court and briefed and argued by the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is hereby

**ORDERED** and **ADJUDGED** that the judgment of the District Court be affirmed.

Appellant, Zhenli Ye Gon, is presently detained in the Central Virginia Regional Jail pursuant to an order of the United States District Court for the District of Columbia issued in an extradition proceeding. Seeking to challenge the legality of his detention and to prevent his extradition, Ye Gon initially filed a habeas petition in the Western District of Virginia. Acting on its own initiative, the Western District court transferred Ye Gon's petition to this district, in which Ye Gon had already filed a substantively identical petition. But the D.C. district court, finding that it lacked jurisdiction over Ye Gon's petitions, granted the Government's motion to dismiss the petition originally filed in D.C. and retransferred the Western District petition back to that district. The Western District appears to be moving forward on the retransferred petition, but Ye Gon appeals the district court's dismissal of his D.C. petition.

Ye Gon proffers two theories in support of his contention that the D.C. court had jurisdiction over his petition. As the district court correctly concluded, both fail.

■ Although Ye Gon acknowledges that in *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004), the Supreme Court held that the proper respondent to a habeas petition is generally the petitioner's "immediate physical custodian," *id.* at 434–42, 124 S.Ct. 2711, he first contends that the U.S. Marshal for D.C., not the Virginia warden, is his immediate custodian. This argument is inconsistent with *Padilla* and with this Court's decision in *Stokes v. U.S. Parole Commission*, 374 F.3d 1235 (D.C.Cir.2004). *Padilla* stated that a petitioner's immediate custodian is ordinarily "the warden of the facility where the prisoner is being held." 542

U.S. at 435, 124 S.Ct. 2711. Applying this rule in the context of a petitioner held in an Ohio prison pursuant to a D.C. Superior Court conviction, we confirmed in *Stokes* that "the custodian of a 'D.C. prisoner'" is "the warden of the facility in which he is incarcerated at the time he files his habeas petition." 374 F.3d at 1239 n. *. Just as the warden of the Ohio prison was the immediate custodian in *Stokes,* so too is the Virginia warden the immediate custodian here.

■ Ye Gon's second theory is no more availing. Emphasizing that his petition challenges the legality of his future extradition, not merely his present detention, Ye Gon seeks to invoke the "future confinement" exception to *Padilla*'s "immediate custodian" rule. *See Padilla,* 542 U.S. at 438, 124 S.Ct. 2711. This case, however, is entirely different from *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), the case from which the "future confinement" exception derives. In *Braden,* the petitioner conceded the lawfulness of his present detention and sought to challenge an entirely distinct detainer pending against him in another jurisdiction. *See id.* at 485–87, 93 S.Ct. 1123. But here, Ye Gon challenges the order pursuant to which he is presently detained, and the fact that the order may have some forward-looking element does not bring this case within *Braden*'s ambit.

■ The district court also properly determined that the Government did not waive its argument that Ye Gon's petition should proceed in the Western District. Even assuming that such arguments are waivable, the Government cannot be faulted for the Western District court's *sua sponte* decision to transfer Ye Gon's petition here. Nor did the Government's fail-

ure to seek dismissal of the U.S. Marshal constitute waiver.

Finally, we note that at oral argument Government counsel represented that, in the ongoing habeas proceedings in the Western District, it would neither seek dismissal of the U.S. Marshal for the Western District nor challenge that court's ability to order Ye Gon's release should it grant his petition on the merits. *See* Oral Arg. Rec. 09:30–10:15, 12:17–12:33, 13:30–16:05. Given this, we see no reason why the Western District court would be unable to afford relief should Ye Gon prevail in that litigation.

The clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.