UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 3 0 2014

Clerk, U.S. District and
Bankruptcy Courts

WALTER B. MORTON, JR.,  )
  )
  Plaintiff,  )
  )
v.  )  Civil Action No.  14 - 193
  )
ISAAC FULWOOD, *et al.*,  )
  )
  Defendants.  )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

The plaintiff has requested, and the defendants have denied, a reduction of his minimum sentence under 28 C.F.R. § 2.76. He brings this action under 42 U.S.C. § 1983 against the Chair of the United States Parole Commission and two Commission staff members, demanding not only a court order directing the United States Parole Commission to grant him an early parole hearing but also an award of $120,000 as compensation for earnings he must forgo if he were to remain incarcerated. Insofar as the plaintiff seeks to advance his release date, his claim sounds in habeas. *See Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 666 (D.C. Cir. 2013) ("[W]e hold that a federal prisoner need bring his claim in habeas only if success on the merits will "necessarily imply the invalidity of confinement or shorten its duration."" (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).

1

A habeas action is subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973). The plaintiff currently is incarcerated at a federal penitentiary in Coleman, Florida. The proper respondent in a habeas corpus action is the petitioner's warden, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)), who has not been named a defendant to this action. Moreover, this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Assuming without deciding that the plaintiff alleges a viable constitutional claim, this district is not the appropriate forum for its resolution. Accordingly, the Court will dismiss the complaint. An Order accompanies this Memorandum Opinion.

United States District Judge

DATE: January 27, 2014