FILED

AUG 2 1 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH D. MIDYETTE, )
)
Plaintiff, )
)           Case: 1:15-cv-01356
v. )           Assigned To : Unassigned
)           Assign. Date : 8/21/2015
U.S. JUDGE TERRENCE W. BOYLE, *et al*, )           Description: Pro Se Gen. Civil (F Deck)
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The application will be granted, and the complaint will be dismissed.

According to plaintiff, he "has been harmed by multiplicitous indictments and multiplicitous sentencing," because he has been charged and convicted of "violating the same statute against the same victim at the same time and location," resulting in "three . . . consecutive sentences." Compl. at 1.[1] He has alleged that Terrance W. Boyle, United States District Judge, United States District Court for the Eastern District of North Carolina, and Pat McCrory, the Governor of North Carolina, conspired to deny his "colorable and cognizable pro se motions and request[s] for relief from the illegal sentencing." *Id.* at 2. Judge Boyle allegedly "denied [plaintiff] access to the court by . . . dismissing his 2254 motion seeking relief as time barred." *Id.*[2] Governor McCrory allegedly denied plaintiff "relief from the illegal sentencing through

---

[1] The Court of Appeals of North Carolina rejected plaintiff's argument that "the same evidence was used by the State to obtain his conviction on each of the three charges of second degree rape" and the assertion that "his conviction and punishment for three separate rapes is in violation of the double jeopardy provisions of the North Carolina and United States constitutions." *State v. Midyette*, 360 S.E. 2d 507, 508 (N.C. Ct. App. 1987), *aff'd*, 366 S.E. 2d 440 (N.C. 1988)

[2] *See Midyette v. Perry*, 594 F. App'x 191, 191 (4th Cir. 2015) (per curiam) (dismissing appeal of district court's order dismissing as untimely plaintiff's § 2254 petition).

*N*                                                                                      4

executive clemency." *Id.* Plaintiff now asks this "Court to vacate all but one of the three . . . multiplicitous sentences[,] declare judgement satisfied on [the] remaining sentence and order plaintiff[']s release from custody." *Id.* at 3.

"[E]lements of civil conspiracy include[]: (1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme." *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983). Plaintiff's mere mention of a conspiracy between Judge Boyle and Governor McCrory without alleging facts to support the claim is insufficient as a matter of law. *See Bush v. Butler*, 521 F. Supp. 2d 63, 69 (D.D.C. 2007).

Insofar as plaintiff demands his release from custody, his remedy, if any, is through a petition for a writ of habeas corpus brought in the district where he is incarcerated and where his custodian is located. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).[3] And if the Court were to construe the complaint as a request for clemency, the claim is subject to dismissal for lack of subject matter jurisdiction. *See Connecticut Bd. of Pardons v. Dumschat*,

---

[3]  Federal court review of a state court conviction ordinarily would be available under 28 U.S.C. § 2254 after exhaustion of state remedies, *see id.* § 2254(b)(1), either in the district where plaintiff is in custody or in the district where the sentencing court is located, *see id.* § 2254(d). Plaintiff's effort to obtain relief under § 2254 was unsuccessful. *See Midyette*, 594 F. App'x at 191.

452 U.S. 458, 464 (1991) ("[P]ardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review.").

The complaint and this civil action therefore will be dismissed for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  An Order consistent with this Memorandum Opinion is issued separately.


DATE:  8|20|15

_____
United States District Judge