# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE GRIGSBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-1517 (ABJ) |
| | ) | |
| | ) | |
| MARY THOMAS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner, proceeding *pro se*, has brought a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, 2254." He challenges on due process grounds the decision of an Illinois state judge, respondent Mary Thomas, to place him in a mental health institution. Petitioner is located in Chicago, Illinois.

This Court "may not entertain a habeas petition [under § 2241] unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004), and there are several problems with this case. As has been noted in previous actions filed by this petitioner, "petitioner has not indicated how Judge Mary Thomas could be his custodian." *Grigsby v. Thomas*, No. 14-1579, 2014 WL 4661195, at *1 (D.D.C. Sept. 19, 2014), citing *Rumsfeld v. Padilla*, 542 U.S. 426, 438-41 (2004). More important, even if petitioner had named the proper respondent in Illinois, this Court sitting in the District of Columbia would lack jurisdiction to entertain the petition. *Stokes*, 374 F.3d at 1239; *see Grigsby,* 2014 WL 4661195, at *1 (identifying the United States District Court for the Northern District of Illinois as the proper habeas court). Moreover, if petitioner is challenging a state court judgment reviewable under 28

U.S.C. § 2254, he must present that claim as well to the Northern District of Illinois after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1).

Petitioner has no recourse in this Court under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. Consequently, this case will be dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

AMY BERMAN JACKSON
United States District Judge

DATE: October 16, 2015