**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| RONNIE L. HARRIS, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 15-1425 (KBJ) |
| UNITED STATES, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Petitioner Ronnie L. Harris claims that he is "actually and factually innocent of the retaliatory Maryland charges of which the United States Parole Commission based its revocation of . . . parole," and he seeks habeas relief under 28 U.S.C. § 2254. (Pet. of Habeas Corpus Pursuant to Title 28 U.S.C. 2254(e)(2)(b), ECF No. 1.)  For the following reasons, this Court will **DISMISS** this case for want of jurisdiction.

First of all, although Harris's petition appears to be based on a revocation of parole that was executed by the state of Maryland, *see* Pet. at 4, 9, Harris is currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina; therefore, it is not entirely clear that  Harris is actually "in custody pursuant to the judgment of a State court[.]"  28 U.S.C. § 2254(a).  Regardless, section 2254 of Title 28 of the United States Code authorizes federal courts "to entertain an application for a writ of habeas corpus" that challenges a state court conviction under certain conditions. *See id* § 2254(b)-(e).  The district courts may grant "[w]rits of habeas corpus . . . *within their respective jurisdictions*[,]" *id*. § 2241(a)(emphasis added), and that language has been interpreted as "limit[ing] the power of a district court to hear and determine a

prisoner's petition for habeas corpus to those situations where the prisoner both is physically present in the court's territorial jurisdiction and is detained or held in custody within that jurisdiction." *U. S. ex rel. Rudick v. Laird*, 412 F.2d 16, 20 (2d Cir. 1969).

Thus, a federal court in the District of Columbia lacks jurisdiction to grant habeas relief from a Maryland conviction. Furthermore, to the extent that Harris is challenging the U.S. Parole Commission's reliance on the Maryland conviction to deny or delay his release to parole, he must proceed under the general habeas statute, 28 U.S.C. § 2241, before a district court judge who is capable of exercising personal jurisdiction over the warden of the prison where he is detained, which, in this case, is the United States District Court for the District of South Carolina. *See Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *Rooney v. Sec'y of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (habeas "jurisdiction is proper only in the district in which the immediate . . . custodian is located") (internal citations and quotation marks omitted). Consequently, this Court has no jurisdiction over Harris's petition, and will dismiss this case without prejudice.

A separate order accompanies this Memorandum Opinion.


DATE: December 11, 2015        *Ketanji Brown Jackson*
                                 KETANJI BROWN JACKSON
                                 United States District Judge