# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 21-5022**                                    **September Term, 2020**

**1:19-cv-01786-RDM**

**Filed On:** May 11, 2021

Hamid Reza Ardaneh,

        Appellant

    v.

U.S. Government, et al.,

        Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Tatel, Pillard, and Walker, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed December 11, 2020, be affirmed. Appellant's brief disputes the criminal charges pending against him in a Massachusetts state court and the circumstances leading to his confinement pending trial in a state psychiatric facility, but does not identify any error in the district court's reasoning. To the extent appellant seeks to remove that criminal prosecution to the D.C. district court, the district court appropriately remanded the case to the Massachusetts state court, because appellant failed to comply with the timing and procedural requirements for removal of a criminal case and did not explain the basis for removal. See 28 U.S.C. §§ 1455(a), (b)(1) (notice of removal of criminal prosecution must be filed "in the district court of the United States for the district and division within which such prosecution is pending" no later than 30 days after the arraignment in the state court, and must "include all grounds for removal").

Next, to the extent appellant seeks release from confinement, the district court properly denied his request for habeas corpus relief because it lacked jurisdiction over appellant's custodian. See Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.").

Moreover, the district court correctly declined to transfer the case to the District of Massachusetts, as transfer would not serve the interest of justice.  See 28 U.S.C. § 1404(a).  Finally, appellant raises no arguments on appeal that would call into question the district court's dismissal of his claims for money damages.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk