# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHARLES HOLBROOK,          )
         )
         Petitioner,          )
         )
         v.          )          Civil Action No. 21-3104 (UNA)
         )
         )
STATE OF MICHIGAN,          )
         )
         Respondent.          )

## MEMORANDUM OPINION

Charles Holbrook ("petitioner") is incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. This matter is before the Court on consideration of petitioner's complaint (ECF No. 1) and four additional submissions (ECF Nos. 2-5), which together are construed as a petition for a writ of habeas corpus. Notwithstanding the near total absence of factual allegations in the petition, it is clear that petitioner believes his current custody is unlawful. Petitioner, who denies having committed a crime, asks this Court to entertain a challenge to his criminal convictions and to release him from Michigan's custody.

The Court notes that the Michigan Court of Appeals has affirmed petitioner's convictions, *see People v. Holbrook*, No. 298869, 2011 WL 5064266 (Mich. Ct. App. Oct. 25, 2011) (unpublished), and the merits of petitioner's prior petition for a writ of habeas corpus under 28 U.S.C. § 2254 have been addressed by the United States District Court for the Eastern District of Michigan, *see Holbrook v. Rapelje*, No. 2:13-CV-13137 (E.D. Mich. Apr. 1, 2016). Further, the Court notes that the United States Court of Appeals for the Sixth Circuit has denied petitioner's successive habeas petitions, and that petitioner's many attempts to challenge his

conviction under 42 U.S.C. § 1983 have been unsuccessful. *See Holbrook v. Michigan*, No. 2:21-CV-12579, 2021 WL 5741271, at *1 (E.D. Mich. Dec. 2, 2021) (citing cases).

The proper respondent in a habeas corpus action is petitioner's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), and this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Neither the petitioner nor his custodian is found in the District of Columbia. To the extent petitioner articulates a viable claim, this Court is not the proper forum for its resolution.

The United States District Court for the Eastern District of Michigan issued an Order "enjoin[ing] and restrain[ing him] from filing anything further in the United States District Court for the Eastern District of Michigan relating in any way to his . . . state court conviction without either first making a written request for and receiving a court order from the Presiding or Chief Judge authorizing the filing, or permission from the Sixth Circuit to file a successive habeas petition." Order Striking Filings and Enjoining Plaintiff from Further Filings Without First Seeking and Obtaining Leave of Court, *Holbrook v. Michigan*, No. 2:20-CV-10205 (E.D. Mich. June 15, 2020) at 3. Ordinarily, this Court would consider transfer of a habeas action to the district where petitioner and his custodian are located. In light of petitioner's injunction order, however, this petition will be denied without prejudice. An Order is issued separately.


DATE: December 21, 2021                    /s/
                                           COLLEEN KOLLAR-KOTELLY
                                           United States District Judge