UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JERMAINE JOSEPH DUNLAP,      )
     )
         Petitioner,      )
     )
     v.      )      Civil Action No. 22-1095 (UNA)
     )
SUPERIOR COURT OF CALIFORNIA,      )
COUNTY OF SAN BERNARDINO,      )
     )
         Respondent.      )

**MEMORANDUM OPINION**

This matter is before the Court on the petition for a writ habeas corpus (ECF No. 1) of Jermaine Joseph Dunlap, a California state prisoner. The assertions set forth in the petition are incomprehensible. That said, by filing a habeas petition the Court presumes that petitioner challenges his conviction and sentence and demands his release from custody.

A habeas action is subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is petitioner's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), who ordinarily is the warden of the facility where a petitioner is detained, *see Chatman-Bey v. Thornburgh*, 864 F.2d 804, 811 (D.C. Cir. 1988). And this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). The petition neither names petitioner's custodian as a respondent nor demonstrates that the respondent is in the District of Columbia.

1

The Court will grant petitioner's application to proceed *in forma pauperis* and dismiss his petition without prejudice for want of jurisdiction.  A separate Order accompanies this Memorandum Opinion.


DATE: May 6, 2022

                                               _____
TREVOR N. McFADDEN
United States District Judge