# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DESMOND GREER,     )
    )
    Petitioner,     )
    )
    v.     )     Civil Action No. 1:24-cv-00587 (UNA)
    )
UNITED STATES OF AMERICA, et al.,     )
    )
    Respondents.     )

## Memorandum Opinion

On February 5, 2024, Monika Gray-El filed a *pro se* petition for habeas corpus ("Pet. I"), ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, on behalf of Desmond Greer. Greer is a Missouri state prisoner, serving a 10-year sentence issued by Missouri's 33rd Judicial Circuit Court, and he is currently incarcerated at the Algoa Correctional Center in Jefferson City, Missouri. *See* Pet. I at 1; *see also State v. Greer*, No. 21SO-CR01114-01 (Mo. Cir. Ct. filed 11/24/2021), at Dkt. (Defendant Sentenced, 8/25/2022).[1] Although Gray-El filed a Notice of Power of Attorney, ECF No. 3, indicating that Greer designated her as his Financial Durable Power of Attorney, there was no indication that it authorized her, a non-attorney, to represent Greer in a legal proceeding, *see* Order, ECF No. 3. Therefore, on March 17, 2024, the court ordered Greer to, within 30 days, personally (1) submit a petition for a writ of habeas corpus and (2) an IFP application bearing his signature, or in the alternative, pay the $5 filing fee applicable to non-IFP habeas actions. *See id.* at 2.

On December 5, 2024, Greer filed an amended habeas corpus petition ("Pet. II"), ECF No. 5. The amended petition still does not bear Greer's signature, *see* Fed. R. Civ. P. 11(a), and he

---

[1]     A court may take judicial notice of the docket and facts on the public record in other proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

has, to date, yet to file an IFP application bearing his own signature (or otherwise), nor has he alternatively submitted the $5 filing fee associated with this case. Notwithstanding these defects, Greer appears to seek his immediate release from custody due to alleged false imprisonment, in violation of the U.S. Constitution and various federal statutes and treaties, *see* Pet. I at 1–12; Pet. II at 1–15, and as such, this matter is filed in the wrong federal court.

First, where a state prisoner alleges that he is "in custody in violation of the Constitution or laws or treaties of the United States," his avenue for relief is 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c)(3). A writ of habeas corpus specifically acts upon the individual physically holding the prisoner in custody, rather than upon the prisoner himself, *see Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004), and to that end, a petitioner's "immediate custodian" is the only proper respondent in a Section 2241 habeas corpus action, *see Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004) (finding that a § 2241 habeas petitioner seeking to challenge his present physical custody within the United States "should name his warden as respondent and file the petition in the district of confinement"); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[T]he appropriate defendant in a habeas action is the custodian of the prisoner.") (citing *Chatman-Bey v. Thornburg*, 864 F. 2d 804, 810 (D.C. Cir. 1988) (en banc)). Section 2241 allows a court to grant writs of habeas corpus for prisoners "in custody" only "within their respective jurisdictions." *See* 28 U.S.C. §§ 2241(a), (c). Indeed, "a district court may not [even] entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes*, 374 F.3d at 1239; *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas

relief"). Accordingly, Greer must file for such relief, not in this District, but in the United States District Court for the Western District of Missouri.

Second, insofar as Greer may challenge his underlying state conviction and sentence, he has also filed in the wrong District. Federal review of state convictions is available under 28 U.S.C. § 2254, and only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Greer was convicted and sentenced in Missouri's 33rd Judicial Circuit Court; therefore, assuming Greer has exhausted his state remedies, the only court available to hear such a claim is the United States District Court for the Eastern District of Missouri.

Consequently, the court dismisses the amended petition, and this matter, without prejudice. Greer's IFP application is denied as moot. A separate order accompanies this memorandum opinion.

Date: March 13, 2025                     /s/_____
                                                     AMIR H. ALI
                                         *United States District Judge*